BOUCHER v. THOMSEN.

1. TORTS — AUTOMOBILES — OWNERS — GARAGEKEEPERS — JOINT TORT-FEASORS.
   Defendant owner of automobile upon whom liability, if any, for negligent operation was imposed by statute was not a joint tort-feasor with defendant garagekeeper with whom owner left car for servicing and repairing and whose employee, also a defendant, was operating car when plaintiff's decedent was killed (CL 1948, § 256.29).

2. RELEASE—COVENANT NOT TO SUE.
   A covenant not to sue one or more of several tort-feasors is not a bar to the prosecution of an action against tort-feasors other than covenantee or covenantees.

3. SAME—COVENANT NOT TO SUE—AUTOMOBILES—OWNERS—GARAGE-KEEPERS.
   A covenant not to sue garagekeeper, his employee and his insurer does not release the covenantees from any liability they may have by way of liability to owner of car if judgment were obtained and enforced against him by administratrix of estate of person killed while car was being operated by garagekeeper's employee, nor does it operate to bar action against car owner where right to sue him was expressly reserved in the covenant.

4. SAME—COVENANT NOT TO SUE—CONSTRUCTION.
   A covenant not to sue which is not ambiguous must be construed in accordance with the plain intent of the language used by the parties.

---

REFERENCES FOR POINTS IN HEADNOTES
[1, 3]  52 Am Jur, Torts, § 110 *et seq.*
[2]  45 Am Jur, Release, § 3.
[4]  12 Am Jur, Contracts, § 229.

Appeal from Menominee; Jackson (Glen W.), J. Submitted June 8, 1950. (Docket No. 34, Calendar No. 44,408.) Decided September 11, 1950.

Case by Pearl Boucher, administratrix of the estate of Ross Boucher, deceased, against Volmer Thomsen, doing business as Thomsen Machine Company, Franklin Plemel and Ralph Franck for damages resulting from death of deceased. Covenant not to sue entered into by plaintiff, Volmer Thomsen and Franklin Plemel and action dismissed as to them. Motion to dismiss by Ralph Franck granted. Plaintiff appeals. Reversed and remanded with directions to set aside order.

*Doyle & Doyle,* for plaintiff.

*Barstow & Barstow* and *John J. O'Hara,* for defendant Franck.

CARR, J. Plaintiff administratrix brought suit in circuit court against defendants Thomsen, Plemel and Franck, to recover damages for the alleged negligent killing of her decedent, Ross Boucher. The declaration filed in the cause alleges that on the 24th of June, 1947, defendant Franck was the owner of an automobile which he delivered to defendant Thomsen for servicing and repairing. It was further averred that the rendition of the services required that the automobile be tested by operating it on a public highway or testing ground, that defendant Plemel was an employee of Thomsen, that he operated the vehicle on a public street in the city of Menominee with the knowledge and consent of defendant Franck, and that, while so doing, he was guilty of negligence resulting in the death of Mr. Boucher. Defendant Franck filed an answer to the declaration, denying specifically that servicing and

repairing of his car required that it be tested on a public highway or testing ground, and further denying that at the time of the accident the automobile was being operated with his knowledge and consent.

While the case was pending, plaintiff, with the approval of the probate court of the county, gave to Thomsen and Plemel and the Fidelity & Casualty Company of New York, Thomsen's insurer, a covenant not to sue. The instrument in question reads as follows:

"In consideration of the sum of $900 to be paid by Volmer Thomsen to Pearl Boucher, general administratrix of the estate of Ross Boucher, deceased, and in consideration of the sum of $5,000 to be paid to said administratrix by Fidelity & Casualty Company of New York, a corporation, insurers of said Volmer Thomsen, said administratrix, pursuant to the approval of the probate court for the county of Menominee, Michigan, given in an order made and entered on the 16th day of August, A.D., 1948, in the matter of the estate of Ross Boucher, deceased, hereby covenants with said Franklin Plemel and Volmer Thomsen and Fidelity & Casualty Company of New York, a corporation, that said administratrix will not further prosecute against said Franklin Plemel or said Volmer Thomsen or said Fidelity & Casualty Company of New York, a corporation, that action pending in the circuit court for the county of Menominee, Michigan, wherein said administratrix is plaintiff and said Volmer Thomsen, Franklin Plemel and Ralph Franck are defendants, which action has been brought by said administratrix to recover damages in respect of the wrongful death of said Ross Boucher, who died at Menominee, Michigan the 24th day of June, 1947; and in consideration of said payments as aforesaid, said administratrix further covenants with said Franklin Plemel and said Volmer Thomsen and said Fidelity & Casualty Company of New York, a corporation, that said administratrix will never sue either said Franklin Plemel or said

Volmer Thomsen or said Fidelity & Casualty Company of New York, a corporation, to recover damages occasioned by the wrongful death of said Ross Boucher.

"And it is expressly understood between said administratrix and said Franklin Plemel and said Volmer Thomsen and said Fidelity & Casualty Company of New York, a corporation, that said administratrix, notwithstanding this covenant not to sue either said Franklin Plemel or Volmer Thomsen or said Fidelity & Casualty Company of New York, a corporation, reserves wholly and unimpaired her cause of action against the said Ralph Franck.

"Dated at Menominee, Michigan, this 23d day of August, A.D., 1948."

Following the execution of the covenant, an order was entered in the case dismissing it as to defendants Thomsen and Plemel, with prejudice and without costs, pursuant to a stipulation between the parties. Thereupon defendant Franck moved to dismiss the action as to him on the ground that the agreement between plaintiff and the other defendants in the case had released him. In support of such claim it was alleged in the motion that in the event of liability on his part to respond in damages to the plaintiff, defendants Thomsen and Plemel would be liable to him. The motion further asked, in event the plaintiff's cause of action was not dismissed, that Thomsen and Plemel be continued as defendants in the cause and held bound by any judgment rendered therein. On the same date that the motion was filed, notice to defend the action, previously served by Franck on Thomsen and Plemel, was also filed. To such notice an answer was filed in which Thomsen and Plemel denied any responsibility on their part to defend the action against Franck, and further specifically advising him of the covenant not to sue.

The motion to dismiss the declaration as to defend-

ant Franck was subsequently submitted and granted, it being the opinion of the trial court that under the factual situation the agreement between the plaintiff and defendants Thomsen and Plemel released Franck from liability. The order entered was, however, without prejudice to the right of the plaintiff to proceed against the defendants if she sought and obtained a rescission of the agreement. Thereafter plaintiff filed in the cause an instrument reciting that, if she had any right to rescind the covenant not to sue, she elected not to do so. Her appeal from the order entered rests on the claim that the trial court erroneously construed the agreement above set forth.

The liability of defendant Franck in the case, if there is such, does not rest on any claim that he was himself guilty of negligence resulting in the death of Mr. Boucher, but arises solely by virtue of the statute.* He is not a joint tort-feasor with Thomsen and Plemel. *Geib* v. *Slater,* 320 Mich 316. The provisions of PA 1941, No 303, § 2 (CL 1948, § 691.562 [Stat Ann 1949 Cum Supp § 27.1683(2)]), permitting a party plaintiff to release one joint tort-feasor without impairing the right to proceed against others, is not involved.

The undertaking in the instant case does not purport to be a release of plaintiff's alleged cause of action as to Thomsen and Plemel. It is in terms merely an undertaking that for the consideration named the plaintiff will not sue any of the covenantees to recover damages resulting from the death of her decedent. The right to proceed against defendant Franck is expressly reserved. It is settled by prior decisions of this Court, in cases involving joint tort-feasors, that an instrument in this form is not a bar to the prosecution of an action against tort-feasors other than the covenantee or covenantees. *Cook* v. *City*

---

* See CL 1948, § 256.29 (Stat Ann § 9.1446) and also PA 1949, No 300, § 401 (Stat Ann 1949 Cum Supp § 9.2101).

*Transport Corp.*, 272 Mich 91; *Garstka* v. *Republic Steel Corp.*, 294 Mich 387; *Larabell* v. *Schuknecht*, 308 Mich 419. In *Kallas* v. *Lincoln Mutual Casualty Co.*, 309 Mich 626, the right of an insurer of one of the alleged joint tort-feasors to settle its limited liability to the party asserting the cause of action, and to accept a covenant not to sue, was recognized. It is the position of the defendant in the instant case, however, that if liability is established against him by the plaintiff, he has the right to insist on reimbursement from the other defendants, and that in effect his status is that of a surety. In support of the claim, attention is called to the language of this Court in *Village of Portland* v. *Citizens Telephone Co.*, 206 Mich 632, and to *Karcher* v. *Burbank*, 303 Mass 303 (21 NE2d 542, 124 ALR 1292). See, also, *Geib* v. *Slater, supra.* Assuming the correctness of defendant's position as to the nature of his liability, if any, the question presented is whether plaintiff's covenant not to sue Thomsen, Plemel, or the insurance company, constitutes, because of the basis for the liability asserted against defendant Franck, a release as to him.

On behalf of defendant Franck it is argued that the entire burden of defending the action should not be cast on him. No claim is made, however, that there is any legal method by which he can force Thomsen and Plemel to actually assume the defense. The same situation would obtain if they had remained as parties defendant. Obviously they might have permitted themselves to be defaulted. The suggestion that the covenant not to sue, if sustained, results in a legal injustice to defendant Franck is without merit. Neither may it be said, in view of the language of the covenant, that the parties thereto contemplated that Thomsen and Plemel would necessarily be released from further liability with respect to the subject matter. The instrument did not pro-

vide for such a release. It clearly appears that it is merely an undertaking that plaintiff will not sue the covenantees. She did not, either directly or indirectly, covenant against their possible liability to defendant Franck if judgment is obtained and enforced against him. The undertaking is not ambiguous and must be construed in accordance with the plain intent of the language used by the parties. In view of the specific averments in the declaration, it is evident that plaintiff and defendants Thomsen and Plemel had in mind in making their agreement the basis for the liability asserted against defendant Franck. They doubtless had in mind also the averments denying liability in the answer filed. We may not assume that they did not consider that in the event he was required to respond in damages he might assert a right of action against Thomsen and Plemel. The right to make such agreement is not challenged. No claim is made that it is invalid. The arguments of counsel are, in the final analysis, directed to its interpretation.

The situation presented here is materially different from that in *Karcher* v. *Burbank, supra*. There the defendants were injured in a collision between an automobile in which they were riding and a motor vehicle driven by the plaintiff. An agreement was reached whereby, in consideration of the sum of $7,200, the defendants covenanted to refrain from instituting any suit against the plaintiff or "in any way aiding any claim, demand action or causes of action for damages, cost, loss of service, expenses or compensation for, on account of, or in any way growing out of" the injuries received in the accident by the defendants. Thereafter the defendants instituted suits in the Federal district court against the American Sugar Refining Company, asserting that at the time of the accident plaintiff was acting as an agent or employee of said company. Notice was given to

the plaintiff to defend the suits, said notice asserting that he would be held liable for the payments of any judgments which might be obtained against the employer. Thereupon plaintiff filed suit for an injunction to restrain the prosecution of the actions. A decree in favor of the plaintiff was affirmed, the court pointing out in its opinion that a claim against plaintiff resulting from defendants enforcing liability on the part of the employer would constitute a violation of the express provisions of the covenant.

In *Kenworthy* v. *Sawyer,* 125 Mass 28, it was held that a covenant given by the holder of a note to one of the joint makers thereof not to sue the covenantee, but reserving all rights against other parties to the note, was not a bar in an action brought against the indorser. In reaching such conclusion, it was said:

"The agreement made by the plaintiffs with one of the makers, upon receiving payment of part of the note, did not discharge the indorser; because it was not a technical release, but a mere covenant not to sue; and because it expressly reserved all rights against the indorser and the joint promisor. *Perkins* v. *Gilman,* 8 Pick (Mass) 229; *Sohier* v. *Loring,* 6 Cush (Mass) 537."

In *Louisville Times Co.* v. *Lancaster,* 142 Ky 122 (133 SW 1155), an action was brought to recover damages for the publication of an alleged libelous article. It appeared that a correspondent wrote the article and sent it to the defendant company for publication in its newspaper. Thereafter an agreement was made between the plaintiff Lancaster and McClure, the correspondent referred to, whereby the latter agreed to cause a retraction to be published in reliance on the promise that suit would not be brought against him. Subsequently action was brought against the publisher of the newspaper, which interposed a claim, among other defenses, that

the covenant to McClure should be regarded as a bar to the action. In considering such claim, it was said:

"But it is insisted for the defendant that McClure was the real wrongdoer, as he sent the article to the paper, and it was published in the paper by the defendant innocently relying upon the trustworthiness of McClure as its correspondent. It is insisted for the defendant that if it is responsible to Lancaster, McClure will be responsible to it for what it may have to pay Lancaster; and so if it is held liable, the agreement of Lancaster with McClure will be broken, and his signing the retraction will not be the end of the transaction as to him as it was agreed it should be. But the plaintiff's evidence shows that McClure asked if this would protect the newspaper, and he was told that whether Lancaster would sue the newspaper was a matter to be decided later. In view of this statement, what was said to McClure amounted only to an agreement not to sue him. The rule is that a covenant not to sue one of two joint wrongdoers does not release and will not bar an action against the other. (*Williamson* v. *McGinnis,* 11 B Mon [Ky] 74 [52 Am Dec 561]; *Snow* v. *Chandler,* 10 NH 92 [34 Am Dec 140]; *Bloss* v. *Plymale,* 3 W Va 393 [100 Am Dec 752]; *Ellis* v. *Esson,* 50 Wis 138 [6 NW 518, 36 Am Rep 830]; *Chicago* v. *Babcock,* 143 Ill 358 [32 NE 271]; *Chamberlain* v. *Murphy,* 41 Vt 110.) The agreement not to sue McClure does not therefore preclude Lancaster from maintaining the suit against the Times Company."

Counsel have called attention to the case of *Ellis* v. *Jewett Rhodes Motor Company,* 29 Cal App2d 395 (84 P2d 791). There the plaintiff was a passenger in an automobile which was being operated by an employee of the defendant company in connection with its business. An action was brought against the driver of the car and the employer to recover damages for injuries sustained by plaintiff

in a traffic accident. Following the first trial of the case a new trial was granted by the court. On the second trial the jury disagreed. Thereafter the plaintiff and the individual defendant entered into an agreement whereby, in consideration of the sum of $2,000 paid to plaintiff, the latter agreed to dismiss the action as to said defendant, the employee or agent, and further agreed that he would not commence any action against him or his indemnitors on account of such injuries. The undertaking further provided that it was not intended as a release as to the individual defendant or his insurance carrier, or the Jewett Rhodes Motor Company or its insurer. In discussing the claim that the covenant given to the employee barred recovery against the employer, it was said:

"At the outset appellant recognizes the validity and effect of a covenant not to sue as heretofore decided in *Kincheloe* v. *Retail Credit Co.*, 4 Cal2d 21 (46 P2d 971), and similar cases, but attempts to distinguish this case from the facts therein that here the liability of appellant must rest upon *respondeat superior* and therefore as between appellant and Jewett the latter is the party primarily and ultimately liable. That is the only point presented on this appeal."

After considering prior California cases and also decisions from other States, it was held that the covenant in question was not available to the defendant as a bar to the action against it. The judgment in plaintiff's favor was accordingly affirmed. See, also, *Hamburger* v. *Patterson Tallow Co.*, 122 NJL 457 (5 A2d 487).

We think the above decisions indicate the correct rule of law to be applied in the case at bar. The express language of the covenant leaves no question as to what the parties thereto actually intended. If liability on the part of defendant Franck is enforced,

he may assert, and perhaps maintain, a claim that he is entitled to reimbursement from Thomsen and Plemel. As before pointed out, it must be assumed that the parties to the covenant had such possible situation in mind when they executed their agreement. We are not entitled to speculate as to their reasons or motives in the matter, but they have not sought to void the undertaking and presumably it is in accordance with their deliberate conclusions as to the proper course to follow. It is our conclusion that the covenant may not be given the effect of precluding the prosecution of the action against the defendant Franck. His motion to dimiss should have been denied.

The case is remanded to the trial court with directions to set aside the order from which the appeal has been taken. Plaintiff may have costs.

BOYLES, C. J., and REID, NORTH, DETHMERS, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred.