**Roy F. LOWE, Plaintiff,**

v.

**The NEW YORK CENTRAL RAILROAD COMPANY, a corporation, Defendant and Third-party Plaintiff,**

**Fred R. WRESCHE, Third-party Defendant.**

**Civ. A. No. 15731.**

United States District Court
E. D. Michigan, S. D.

Jan. 18, 1957.

338

Henslee, Monek & Murray, Chicago, Ill., Emerson Schink, Detroit, Mich., for plaintiff.

G. H. Wyatt, J. I. Alspector, William A. Alfs, Detroit, Mich., for defendant and third-party plaintiff.

Roy P. Nelson, Detroit, Mich., for third-party defendant Fred R. Wresche.

LEVIN, District Judge.

This case involves a motion by Fred Wresche to dismiss a third-party complaint which was filed against him in the case of Lowe v. New York Central Railroad. The original suit arose out of a collision between a New York Central freight train and an automobile driven by Wresche. Lowe, an employee of New York Central who was riding on the train and who claimed to be injured as a result of the collision, filed a personal injury action in this court against the New York Central, alleging violation of the Safety Appliance Act. The New York Central then moved to add Wresche as a third-party defendant under Rule 14(a) of Fed.Rules Civ.Proc. 28 U.S.C.A.

This rule permits the impleading of a third party if such party "may be liable" to the original defendant. The New York Central alleges that the collision was caused by the negligence of Wresche. It is the Railroad's contention, therefore, that Wresche may be liable to the New York Central as an indemnitor. The theory of indemnity is not based on contribution among joint tort-feasors, the parties agreeing that in Michigan there may be no liability between joint tort-feasors until there has been a judgment. M.S.A. Sec. 27.1683 (Cum.Supp., 1955), Comp.Laws 1948, § 691.561 et seq.

The Railroad contends that there is a right of indemnity here, however, based on the rule of active and passive negligence. The substance of this rule is that where an injury was caused jointly by the active negligence of one tort-feasor and the passive negligence of another, the passively negligent party has a right of indemnity against the actively negligent party. The New York Central contends that its negligence— violation of the Safety Appliance Act, 45 U.S.C.A. § 1 et seq., by failure to maintain sufficient air pressure for brakes—was passive negligence while Wresche's negligent operation of his motor vehicle was active negligence.

No cases involving this rule have been before the Supreme Court of Michigan

although it appears to be the law in most jurisdictions. It is my view that the active-passive negligence rule achieves substantial justice when properly applied. The purpose of the rule is to place ultimate responsibility for negligent injury on the party whose negligent conduct actually caused the injury, where another party has been required by law to respond in damages for the injury.

The rule is discussed in Union Stock Yds. Co. of Omaha v. Chicago B. & Q. R. Co., 1904, 196 U.S. 217, 25 S.Ct. 226, 49 L.Ed. 453. There a terminal company employee was injured because of defective brakes of a railroad car. The terminal company was held liable in damages for failure to inspect, and sued the railroad which supplied the car for failure to inspect before delivery. The court denied recovery to the terminal company, holding that the injury resulted from the breach of duty by both parties.

"* * * In many instances, however, cases have been taken out of this general rule, and it has been held inoperative in order that the ultimate loss may be visited upon the principal wrongdoer, who is made to respond for all the damages, where one less culpable, although legally liable to third persons, may escape the payment of damages assessed against him by putting the ultimate loss upon the one principally responsible for the injury done. These cases have, perhaps, their principal illustration in that class wherein muncipalities have been held responsible for injuries to persons lawfully using the streets in a city, because of defects in the streets or sidewalks caused by the negligence or active fault of a property owner. In such cases, where the municipality has been called upon to respond because of its legal duty to keep public highways open and free from nuisances, a recovery over has been permitted for indemnity against the property owner, the principal wrongdoer, *whose negligence was the real cause of the injury*." (Emphasis added.) Union Stock Yds. Co. of Omaha v. Chicago B. & Q. R. Co., 196 U.S. 217, 224, 25 S.Ct. 226, 227.

In concluding the court remarked:

"* * * We do not perceive that, because the duty of inspection was first required from the railroad company, that the case is thereby brought within the class which holds the one primarily responsible, *as the real cause of the injury*, liable to another less culpable, who may have been held to respond for damages for the injury inflicted." (Emphasis added.) 196 U.S. at page 228, 25 S.Ct. at page 229.

Sometimes the rule is stated as though the courts had to appraise the degree of culpability of the parties. Such a case is Waylander-Peterson Co. v. Great Northern Ry. Co., 8 Cir., 1953, 201 F.2d 408, 37 A.L.R.2d 1399, where an injury was caused by the negligence of a bridge construction company while contracting for a railroad. The court permitted the impleading of the construction company:

"Any negligence attributed to it [the R.R.] so as to render it liable * * * arose by the wrongdoing of those in charge of the construction of this bridge." Id., 201 F.2d at page 416.

Similarly, in Washington Gas Light Co. v. District of Columbia, 1896, 161 U.S. 316, 16 S.Ct. 564, 40 L.Ed. 712, and Rayman v. Wyer, D.C.S.D.N.Y.1955, 138 F.Supp. 618, there is language about comparative moral delinquency but in each case the burden of indemnity was placed on the party whose breach of duty had actually caused the harm.

■ Applying this test to facts alleged in the instant case, there is no right of indemnity to the railroad. Its breach of statutory duty was in fact a *sine qua non* of the collision to the same extent as the negligence of Wresche. Even if the active-passive test did turn on the degree

**340**

of wrongdoing, the railroad would not be entitled to indemnity. The violation of the Federal Safety Appliance Act—considered to be negligence per se, San Antonio & A. P. Ry. Co. v. Wagner, 1916, 241 U.S. 476, 36 S.Ct. 626, 60 L.Ed. 1110, —is certainly not a less blameworthy act than failure to exercise ordinary care.

The motion to dismiss the third-party complaint is granted.