The **DETROIT EDISON COMPANY,**
Appellant,

v.

**PRICE BROTHERS COMPANY,**
Appellee.

No. 13073.

United States Court of Appeals
Sixth Circuit.

Oct. 31, 1957.

James A. Markle, Detroit, Mich. (Markle, Markle & Eubank, Detroit, Mich., on the brief), for appellant.

Lester P. Dodd, Detroit, Mich. (Crawford, Sweeny, Dodd & Kerr, Detroit, Mich., Robert C. Alexander, Harshman, Young, Colvin & Alexander, Dayton, Ohio, on the brief), for appellee.

Before MARTIN and STEWART, Circuit Judges.

PER CURIAM.

Stanley Douglas, an employee of appellee, Price Brothers, was injured in the course of his employment when a crane being operated by Price Brothers came in contact with high tension wires owned and controlled by appellant Detroit Edison Company. Douglas received workmen's compensation under the Michigan statute. He also brought an independent action against Detroit Edison, alleging that his injuries had been proximately caused by various negligent acts and omissions of Detroit Edison in

the operation and control of its power line.[1]

Detroit Edison countered by filing a third-party complaint against Price Brothers, alleging that in the event Douglas recovered a judgment, Detroit Edison would be entitled to indemnity from Price Brothers for the reason that any liability of Detroit Edison could be grounded only upon passive negligence, whereas the primary cause of the injury necessarily was the active negligence of Price Brothers. The district court dismissed the third-party complaint on the ground that any negligence of Detroit Edison, whether denominated active or passive, would be concurrent with any negligence of Price Brothers, so that the parties would stand in the position of joint tort feasors, upon whom Michigan confers no right of contribution or indemnity. The district court also concluded that the third-party complaint was barred by the Michigan Workmen's Compensation Act. Douglas v. Detroit Edison Co., 145 F.Supp. 1. This appeal followed.

■ The appellant contends that the acts and omissions attributed to it in the plaintiff's original complaint were entirely passive and harmless until activated by the affirmative negligence of Price Brothers. The appellant thus seeks to bring itself within the general rule recognized in Michigan as elsewhere that if the wrongful act of one person results in the imposition of liability upon another without that other's fault, indemnity may be recovered from the actual wrongdoer. Detroit, G. H. & M. Ry. Co. v. Boomer, 194 Mich. 52, 160 N.W. 542.

■■ While the Michigan law recognizes the distinction between active and passive negligence, the district court was correct in holding that in Michigan "passive negligence" is limited to liability which is imposed upon a party by statute or because of his legal relationship to the actual wrongdoer. Appellant's contention is not supported by Village of Portland v. Citizens' Telephone Company, 206 Mich. 632, 173 N.W. 382. There the concurrent negligence of both parties in the maintenance of electric wires barred the right of either to indemnity. The opinion in that case and the authorities there discussed show that in Michigan the "passive negligence" for which indemnification for liability is permitted does not mean actual negligence, regardless of chronological sequence or whether the act is one of omission or commission. See also, Boucher v. Thomsen, 328 Mich. 312, 43 N.W.2d 866, 20 A.L.R.2d 1038; Indemnity Insurance Company of North America v. Otis Elevator Co., 315 Mich. 393, 24 N.W.2d 104, 171 A.L.R. 266; Cf. Detroit Edison Co. v. Stricker, 6 Cir., 1933, 65 F.2d 126; Fidelity & Casualty Co. of New York v. Federal Express, 6 Cir., 1943, 136 F.2d 35.

Banks v. Central Hudson Gas & Electric Corp., 2 Cir., 1955, 224 F.2d 631, strongly urged by the appellant as direct authority for its position, was decided under the law of New York and is, therefore, inapplicable here, where the law of Michigan is controlling.

■ On the pleadings in the instant case, the liability of Detroit Edison to the plaintiff could be predicated only on actual negligence in the maintenance and control of its power lines. If Price Brothers was also negligent, then the parties would stand in the relation of joint tort feasors, neither of which is entitled to contribution or indemnity from the other. Consequently, the third-party complaint did not state a valid claim for relief and was rightly dismissed.

Because this conclusion is decisive of the appeal, it is unnecessary to decide whether the third party complaint was also barred by the Michigan Workmen's Compensation Act.

1. The Michigan Workmen's Compensation Act expressly provides that an election by an injured employee to receive benefits under the statute shall not bar recourse by the employee against a party other than the employer or a fellow employee for the act causing the injuries. Comp. Laws 1948, § 413.15, Mich.Stat.Ann. § 17.189.

The judgment of the district court is affirmed.

Chief Judge SIMONS presided at the hearing of this case, but did not participate in the conference discussion or the decision and does not join in this opinion.