Harry PRIEBE, individually and d/b/a Priebe Bros., Appellant,

v.

AMERICAN FIDELITY & CASUALTY CO., a Virginia Corporation, Appellee.

No. 13078.

United States Court of Appeals Sixth Circuit.

Dec. 31, 1957.

———◇———

Charles W. Gore, Benton Harbor, Mich. (Gore & Williams, Benton Harbor, Mich., on the brief), for appellants.

Dalton G. Seymour of Seymour & Seymour, Benton Harbor, Mich., for appellee.

Before SIMONS, Chief Judge, and ALLEN and SHACKELFORD MILLER, Jr., Circuit Judges.

## PER CURIAM.

The action below was for indemnity for moneys paid by the appellee as the assignee of Holland Motor Express, Inc., in settlement of a judgment obtained and other liability claimed growing out of an automobile accident in which the appellant's motor vehicle was involved. Two actions were brought in the Circuit Court for Berrien County, Michigan, against Priebe, his driver, Waits, and Holland, by Myrtle Barricklow. The first was for injuries received by her and resulted in a judgment against all three defendants in the sum of $46,790.00. It was appealed to the Supreme Court. The second was by the same plaintiff as Administratrix of the estate of her husband who died as the result of injuries received in the same accident, and had not reached trial.

Before the appeal from the judgment could be heard, Priebe and the appellee, insurance carrier for Holland, entered into a settlement with Mrs. Barricklow, in her several capacities, for settlement of all claims arising out of the accident for the sum of $25,000.00. A stipulation between Priebe and Holland preserved rights or causes of action of each against the other to recover any sum contributed to the settlement. The Insurance Company contributed $8,000.00 of the amount paid and brought this suit, as assignee of Holland, against Priebe in the District Court seeking indemnity. The case was tried to the Court without a jury and a judgment entered against Priebe from which this appeal is taken. Priebe attacks the judgment on the ground that he was the agent or employee of Holland; that the judgment against both was res adjudicata of the rights and obligations of the parties to each other, who were joint tort feasors, so that a settlement by either extinguished liability against the other. The Court, in a careful opinion, made specific findings of fact, including the finding that Priebe was an independent contractor, announced conclusions of law, and entered judgment against Priebe. We accept its findings as supported by evidence and as not being clearly erroneous and approve its legal conclusions. Its opinion is dated October 24, 1956, 157 F.Supp. 904.

Only one of the legal conclusions gave us pause. The only negligence found in the case was the negligence of Priebe's driver. The liability imposed in the state court upon Priebe rests upon the doctrine of respondeat superior. The basis for liability imposed upon Holland is the rule that the duties of a common carrier can not be delegated and that such common carrier is answerable to third parties for the negligence of persons to whom it intrusts a part of its duties. Laughlin v. Michigan Motor Freight Lines, 276 Mich. 545, 268 N.W.

887. Thus, we have the question whether in a case of two defendants, each free of fault, one may seek indemnity from the other. This question was not argued in the briefs but was noted and ruled upon by the Court. No Michigan case has categorically answered this query. The District Court, in holding for the appellee, relied upon the American Law Institute's Restatement of Restitution, Chapter 3, § 86, which provides that when two persons are liable in tort for an injury resulting from the conduct of a third person and one of them makes reasonable expenditures in discharge of the liability, he is entitled to indemnity from the other, if he was without fault and if the other because of a relationship between the two was as between them primarily responsible. The phrase, "primarily responsible," is not specifically defined in the Restatement but is illuminated by the comment which accompanies the section and by the illustrations given. In the comment to Clause (b), it is said: "Likewise, a person who has discharged a tort claim against himself, incurred by the negligence of a servant of an independent contractor, has a right to indemnity against such contractor." And Illustration No. 4 points this up with clarity: "A, the owner of an apartment house, employs B, an independent contractor, to install an elevator therein. B employs C, a workman who so negligently installs the elevator that D, a tenant in the building, is injured when he uses it. D obtains a judgment against A, which A pays. A is entitled to indemnity from B."

Lunderberg v. Bierman, 241 Minn. 349, 63 N.W.2d 355, 43 A.L.R.2d 865, lends support to the doctrine enunciated in the Restatement. An automobile owner left her car for a checkup by the sales agency. One of its employees, in testing the car, negligently caused an accident in which another employee was injured. In his suit against the driver and against the car owner, liability upon the owner was based upon a statute, M.S.A. § 170.54, similar to § 9.2101 of Michigan Statutes Annotated Comp.Laws Supp.1956, §

257.401. The car owner then claimed the right to bring in the sales agency, claiming that it was liable to her as an indemnitor. Her suit was successful. The reasoning of the Minnesota Court paralleled that of the District Judge in this court even though the alleged indemnitor was classified as a "bailee." Boucher v. Thomsen, 328 Mich. 312, 43 N.W.2d 866, 20 A.L.R.2d 1038, while it does not specifically reach our problem, indicates that the court is aware of it when it suggests that a claim for reimbursement might be obtained from an independent contractor because of the negligence of its employee.

We think the District Court came to a sound conclusion of the issue discussed and its judgment is,

Affirmed.