Vincent VARANO and Elias J. Hakim, Jr.,
Plaintiffs,

v.

EXPRESS FREIGHT LINES, INC.,
Defendant.

No. 57-C-274.

United States District Court
E. D. Wisconsin.

Sept. 10, 1959.

Harry Alan Sherman, Pittsburgh, Pa., Harry S. Sicula, Milwaukee, Wis., for plaintiffs.

F. H. Prosser, Milwaukee, Wis., for defendant.

GRUBB, District Judge.

This matter is before the court on defendant's motion to dismiss the complaint. Affidavits were submitted, and the court is considering the matter on the pleadings and affidavit as a motion for summary judgment.

This action arises out of an automobile accident which occurred in Michigan on August 17, 1953. Plaintiffs' automobile collided with an automobile owned by Moses Willits and driven by Louella Willits. Nothing in the pleadings, the motion papers, or supporting affidavits indicate that the vehicle owned by the defendant was physically involved in the collision. Defendant's vehicle was being driven by Harold Dluzak.

Thereafter plaintiffs started separate actions in the United States District Court for the Western District of Michigan, in which actions Moses Willits was the defendant. These actions for the damages and injuries plaintiffs claimed they sustained in the accident were compromised, settled, and dismissed. Plaintiffs, and each of them, executed general releases. The plaintiff, Vincent Varano, in consideration of the sum of $4,250, executed a full and complete release to Moses Willits for all actions, causes of action, claims, and demands of whatsoever kind or nature on account of any and all known and unknown injuries, losses, and damages to him or his property sustained, received, or resulting from the accident in question. A similar general release was executed by the plaintiff, Elias J. Hakim, Jr., in consideration of the payment of the sum of $19,500.

The basis of defendant's motion is that under the Michigan law, a general release to one party releases all persons liable other than joint tort-feasors.

By common law in Michigan, a release of one joint tort-feasor releases all other joint tort-feasors. Slater v. Ianni Const. Co., 1934, 268 Mich. 492, 256 N.W. 495; MacDonald v. Henry Hornblower & Weeks, 1934, 268 Mich. 626, 256 N.W. 572.

Thereafter a statute was passed, Section 2 of Act No. 303, Public Acts 1941, which provided that one *joint* tort-feasor could be released without releasing other *joint* tort-feasors (emphasis supplied).

Michigan also had a statute in effect at the time in question whereby the owner of an automobile was made liable to any person injured or damaged through its negligent operation if the operation was with the consent of the owner. Under this statute there is no necessity for showing agency on the part of the driver in order to make the owner liable.

The statute relating to joint tort-feasors was before the Michigan Supreme Court in Geib v. Slater, 1948, 320 Mich. 316, 31 N.W.2d 65. In that case the owner of an automobile turned it over to a garage for repairs. An employee of the owner of the garage injured the plaintiff while driving the automobile. The plaintiff elected to settle with the garage owner and his employee and executed releases to both of them. The plaintiff then started an action against the owner of the automobile. The defendant automobile owner moved for judgment on the pleadings, taking the position that the release of the garage owner and the employee also released him. Plaintiff claimed that Section 2 of Act No. 303, Public Acts 1941, was applicable and that the release of the garage owner and his employee did not release the owner of the automobile.

The court in its decision stated that the question presented was whether the three persons involved were joint tort-feasors. If the defendant was not a joint tort-feasor, the court held that he could not be held liable as the release of the garage owner and the employee would also release the automobile owner, the above-cited statute not being applicable to such situations.

The court then pointed out that liability for a tort is not the same as the liability of a joint tort-feasor. It noted that persons cannot be called joint tort-

feasors if the acts of such persons are different and separate when done. The court then stated at page 67, of 31 N.W. 2d:

"The same reasoning applies in the instant case. Defendant is guilty of no tortious act; he did not participate in the commission of the tort; and his liability arises only by operation of law. He is not a joint tort-feasor, but his statutory liability is based upon the doctrine of respondeat superior."

It is to be noted in the last sentence above quoted that the Michigan court states that the statutory liability is based upon the doctrine of respondeat superior.

Later in 1957 in Moore v. Palmer, 350 Mich. 363, 86 N.W.2d 585, this language in the Geib case was expressly overruled, and it was decided that the basis of the statutory liability was the police power of the State rather than the doctrine of respondeat superior. This, however, in no way makes the owner of an automobile, held because of the statutory liability, a joint tort-feasor.

See also Boucher v. Thomsen, 1950, 328 Mich. 312, 43 N.W.2d 866, 20 A.L.R. 2d 1038, which approves the ruling in the Geib case.

Although in the briefs both parties treated Moses Willits as not being personally guilty of any tort, and not being a tort-feasor at all, to say nothing of being a joint tort-feasor, still on the oral argument plaintiffs' counsel sought to distinguish that case upon the ground that there *might* be a showing on the trial that the operator of the Willits' automobile was in fact Willits' agent. Nothing in the pleadings or in the motion papers indicates any contention or claim that the operator of the automobile was Willits' agent. If this in fact made any difference, the plaintiffs could have so alleged in the complaint or could have filed an affidavit in opposition to the motion so setting forth such contention or claim. Neither was done. There is nothing before the court to indicate in any way that the driver of the Willits' automobile was operating it as agent of the owner.

For the foregoing reasons, defendant's motion is granted. Defendant may prepare an order in conformity herewith, submitting it to plaintiffs' counsel for approval as to form only.