Ernest J. ROE, Sr., Administrator of the Estate of Ernest J. Roe, Jr., Deceased, Plaintiff,

v.

BRYANT & JOHNSTON COMPANY, a Tennessee corporation, and Benton Elwood Estes, Defendants and Third-Party Plaintiffs,

v.

Elton MORRISON, Chester Salow and Hazel A. Salow, Third-Party Defendants.

Civ. No. 20642.

United States District Court
E. D. Michigan, S. D.
April 26, 1961.

Slyfield, Hartman, Reitz & Tait, Detroit, Mich., for plaintiff.

Garan, Lucow & Miller, Detroit, Mich., for defendants and third-party plaintiffs.

Henry C. Odbert, Detroit, Mich., for Elton Morrison.

William D. Eggenberger, Detroit, Mich., for Chester and Hazel A. Salow.

FREEMAN, District Judge.

This is a motion to dismiss the third-party complaint in a wrongful death action arising out of an automobile accident. Plaintiff seeks to recover damages from the defendant truck driver and from the defendant corporation which employed the driver and owned the truck in question.

The complaint charges the defendant driver with negligent operation of the truck, while recovery is sought against the defendant corporation on the theory of *respondeat superior* and pursuant to the Michigan automobile owner's liability statute, M.S.A. § 9.2101, Comp.Laws Supp.1956, § 257.401.

The essential allegations of the third-party complaint are that the third-party defendants owned and operated two passenger automobiles; that these two automobiles were travelling in the same direction and immediately in front of the truck operated by the defendant driver; that the negligent operation and maintenance of the two passenger vehicles brought about a sudden situation of emergency for the defendant truck driver which caused him to lose control of his truck, which, in turn, resulted in the collision between the truck and the automobile driven by plaintiff's decedent.

Very liberally construed, the third-party complaint alleges that if negligent at all, the defendants are chargeable only with secondary or "passive" negligence, while the accident was primarily and proximately caused by the "active" negligence of the third-party defendants. Pursuant to these allegations, defendants assert a right of indemnity against the third-party defendants.

In civil actions, the third-party practice in Federal courts is governed by Rule 14, F.R.Civ.P. 28 U.S.C.A., which provides in pertinent part:

"* * * a defendant may move * * * for leave as a third-party plaintiff to serve a summons and complaint upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him."

█ It is well established that Rule 14 is procedural only and that the substantive rights of a third-party plaintiff must be determined by applying the appropriate state law. 3 Moore's Federal Practice, § 14.03, and cases there cited.

█ Since it is equally well established that for purposes of the present motion all well-pleaded allegations of the complaint and of the third-party complaint must be considered as true, the principal question before the court is whether, under applicable Michigan law, either or both of the defendants do or may have a right to liability over against the third-party defendants on the basis of the complaint and third-party complaint.

█ Taken together, it is clear that the complaint and third-party complaint in effect charge the defendant truck driver and the third-party defendants as active joint tort-feasors. In Michigan there is no common-law right to contribution or indemnity between active joint tort-feasors. Detroit, Grand Haven & Milwaukee Railway Co. v. Boomer, 1916, 194 Mich. 52, 160 N.W. 542; Vil-

lage of Portland v. Citizens' Telephone Co., 1919, 206 Mich. 632, 173 N.W. 382.

▪ The Michigan statute providing for contribution among tort-feasors, M.S.A. § 27.1683(1) et seq., Comp.Laws 1948, § 691.561 et seq., also does not help the defendant driver because this statute preserves to the plaintiff alone the right to determine to whom to look for satisfaction of his claim (Buckner v. Foster, D.C.E.D.Mich.1952, 105 F.Supp. 279) and there can be no liability between joint tort-feasors until there has been a judgment. Lowe v. New York Central Railroad Co., D.C.E.D.Mich.1957, 148 F. Supp. 337.

▪ During the oral arguments, defendants conceded that the defendant driver does not have a proper third-party complaint under the pleadings. This court agrees. The motion with respect to the defendant driver must, therefore, be granted.

Turning to the defendant corporation, the issue before the court is whether a defendant held liable because of the operation of the doctrine of *respondeat superior*, or held liable pursuant to the owner's liability statute for negligence of a non-owner operator of its vehicle, has a right to indemnity against joint, active tort-feasors other than the driver of the vehicle.

It is the contention of the corporate defendant that the complaint charges it with "passive" negligence; that the third-party complaint charges the third-party defendants with "active" negligence; and that under Michigan law, a "passive" tort-feasor has a right of indemnity against an "active" tort-feasor.

The theory of the third-party defendants seems to be that the character of the negligence of the defendant corporation is determined by the character of the alleged negligence of the defendant driver, its agent; that such defendant driver is charged with "active" negligence; and that the defendant corporation, therefore, cannot be found to have been a "passive" tort-feasor in relation to the third-party defendants. In support of their contentions, the third-party defendants rely on § 87 and § 102 of the Restatement of Restitution, while the corporate defendant relies on § 96 of the same text.

▪ As has already been shown, there is no common-law right to contribution or indemnity between active, joint tort-feasors in Michigan. This common-law rule has been modified to some extent by M.S.A. § 27.1683(1) et seq. which provides for contribution among joint tort-feasors in certain circumstances and by the principle that a "passive" tort-feasor has a right to indemnity as against an "active" tort-feasor. Village of Portland v. Citizens' Telephone Co., supra; Detroit Edison Co. v. Price Brothers Co., 6 Cir., 1957, 249 F.2d 3.

▪ It has further been held that "passive" negligence is negligence arising by virtue of a statute (such as the automobile owner's liability statute, M.S.A. § 9.2101) or by virtue of the doctrine of *respondeat superior*. Boucher v. Thomsen, 1950, 328 Mich. 312, 43 N.W. 2d 866, 20 A.L.R.2d 1038; Detroit Edison Co. v. Price Brothers Co., supra.

Applying this definition of "passive" negligence to the facts in the present case, it appears that the defendant corporation would be a "passive" tort-feasor if the allegations of the complaint are proved at the trial—unless the common-law rule of imputation of negligence from agent to principal prevents an application of the doctrine of "active-passive" negligence. The precise legal question before the court, therefore, is whether, under Michigan law, the alleged active negligence of the defendant driver-agent will be *imputed* to the defendant corporation-principal in considering the relationship between such principal and the other alleged "active" tort-feasors.

This question seems to be novel as there appear to be no reported cases deciding this question either in Michigan or in any other jurisdiction.

Section 96 of the Restatement of Restitution deals with the right of indemnity between two persons, one of whom be-

came subject to tort liability because of the wrongful conduct of the other. Section 102 states that there is no right to contribution among joint tort-feasors. It is evident that neither section applies to the question under consideration.

Section 87 of the Restatement of Restitution, on the other hand, purports to state the applicable rule as follows:

> · "Where an agent has committed a tort for which, because of the agency relation, his principal is liable, the principal's rights and liabilities with respect to restitution because of a payment in discharge of the liability are the same as if he had acted personally, except
>
> "(a) in an action between himself and the agent, and
>
> "(b) in an action between himself and a person also vicariously liable for the agent's tort or a person colluding with the agent in the commission of the tort.
>
> "Caveat: No inference is to be drawn from the rule stated in this Section as to the rights and duties of persons other than principals who are vicariously liable for the conduct of others."

As far as it is applicable to the present case, § 87, in effect, states that a principal has no right to indemnity against a tort-feasor who acted jointly with the agent in bringing about the injury for which the principal has become liable.

It is evident that the underlying basis of this rule is the common-law fiction of identity of principal and agent which is said to exist in transactions between an agent and a third party. When considered from the point of view of a plaintiff injured by an agent, this fiction serves an excellent purpose in a world in which a large part of business is done by corporations or other principals acting through their agents. However, there appears to be no convincing reason why this fiction should be extended to provide a shield for the protection of a third-party tort-feasor who, together with the agent of another, caused an injury for which the principal becomes liable.

It seems to this court that one of the basic ends of the law of torts is to place the ultimate liability for negligent injury on the person or persons who are primarily responsible for the injury inflicted. In accordance with this policy, a principal has a right to indemnity from the agent for whose wrongful conduct he has become liable (42 C.J.S. Indemnity § 21; Restatement of Restitution, § 96) and, as has already been shown, a "passive" tort-feasor has the same right against an "active" tort-feasor.

In the present case, the persons alleged to have actively and primarily caused the death of plaintiff's decedent are the defendant truck driver and the third-party defendants. In reason and justice, these are the parties who should ultimately bear the consequences of their own wrongful acts.

The enactment of M.S.A. § 27.1683(1) et seq. permitting contribution between joint tort-feasors and the establishment of the doctrine of indemnity between "passive" and "active" tort-feasors in Michigan convince this court that the tendency in the law of Michigan is to modify some of the common-law tort rules in accordance with the underlying philosophy already stated and, further, that in Michigan § 87 of the Restatement of Restitution would not be applied to the facts now before this court.

In accordance with the above, this court concludes that pursuant to Michigan law and under the pleadings in this case, the negligence of the defendant truck driver will *not* be imputed to the defendant corporation in determining the indemnity relationship between it and active third-party tort-feasors; the defendant corporation will be deemed to be charged with "passive" negligence only, and, consequently, may have a right to indemnity against the allegedly "actively" negligent third-party defendants. The court further concludes that the third-party defendant, Chester Salow, may become liable to the defend-

ant corporation only upon a showing of "active" negligence on his part, in accordance with the allegations of the third-party complaint, and would not have a duty to indemnify the defendant corporation merely because of his ownership or co-ownership of the automobile allegedly driven by the third-party defendant, Hazel A. Salow.

The parties having failed to show why this court, in the exercise of its discretion, should grant the motion in spite of the fact that a right to indemnity may exist, the court concludes that the motion must be denied with respect to the defendant, Bryant & Johnston Co., and granted as to the defendant truck driver, Benton Elwood Estes.

An appropriate order may be submitted.