**Raymond L. PELKEY, Helen Pelkey, Plaintiffs,**

v.

**STATE SALES, INC., Defendant and Third-Party Plaintiff,**

v.

**VINCENT CHEVROLET, INC. Third-Party Defendant.**

Nos. 22395, 22396.

United States District Court
E. D. Michigan, S. D.
Nov. 23, 1962.

George Menendez, Detroit, Mich., for plaintiffs.

Leroy G. Vandeveer, Vandeveer, Haggerty, Doelle, Garzia, Tonkin & Kerr, Detroit, Mich., for defendant and third-party plaintiff.

John Kruse, Alexander, Buchanan & Conklin, Detroit, Mich., for third-party defendant.

FREEMAN, District Judge.

This proceeding is before the Court on a motion of Vincent Chevrolet, Inc., the third-party defendant, to dismiss the third-party complaint of the defendant, State Sales, Inc., that arises out of a case in which the plaintiffs allege that the defendant, acting through one of its agents, negligently operated a certain station wagon which ran into a pickup truck driven by one of the plaintiffs. The specific acts of negligence charged to defendant in the complaint consist of operating its vehicle with improper brakes, keeping an improper lookout, maintaining an unlawful and unreasonable speed, failing to check the speed at an intersection, not seeing and obeying a red light, and recklessly operating a motor vehicle.

The third-party complaint alleges that the accident occurred shortly after the third-party defendant delivered the station wagon to the alleged agent of the defendant, containing defective brakes, in breach of the former's duties to inspect the vehicle, to discover the defect, to correct it, and to warn the latter of any latent defects before selling or delivering such station wagon to its agent. The third-party complaint also contains allegations that the third-party defendant breached certain express and implied warranties.

■ Rule 14, F.R.Civ.P., provides for impleader by a defendant against a person "who is or may be liable to him for all or part of the plaintiff's claim against him." The substantive rights of a third-party plaintiff must be determined under the appropriate state law, 3 M.F.P., pp. 409–410, and since the accident occurred in Michigan, the law of that State applies.

■ In Michigan, there is no common law right to contribution or indemnity between active joint tort-feasors. Roe v. Bryant and Johnston Co. (E.D.Mich., 1961), 193 F.Supp. 804. However, where one alleged wrongdoer is only guilty of passive negligence, and another one is allegedly guilty of active negligence, the latter will be held to be an indemnifier of the former. Id.

■ Under Michigan law, passive negligence for which indemnification for liability is permitted does not mean actual negligence, regardless of chronological sequence or whether the act is one of omission or commission. Detroit Edison Co. v. Price Brothers Co. (C.A.6), 249 F.2d 3. In conformity with this principle, it has been held that where two parties, both corporations, negligently maintained their respective wires, in that one party failed to properly insulate his wires and the other party caused the wires to come into contact, both parties were guilty of active negligence, Portland v. Citizens Telephone Co., 206 Mich. 632, 173 N.W. 382 and that where a Railroad delivered a car with imperfect brakes to a terminal company and both companies failed to discover the defect which could have been done by proper inspection, both were guilty of active negligence. Union Stock Yards Co. of Omaha v. Chicago, B. & Q. R. Co., 196 U.S. 217, 25 S.Ct. 226, 49 L.Ed. 453, cited with approval in Portland v. Citizens Telephone Co., supra.

In other words, a person is passively negligent only when "he did not participate in the commission of the tort; and his liability arises only by operation of law." Geib v. Slater, 320 Mich. 316, 31 N.W.2d 65; see also Boucher v. Thomsen, 328 Mich. 312, 43 N.W.2d 866, 20 A.L.R.2d 1038; McPherson v. Hoffman (C.A.6), 275 F.2d 466; Detroit Edison Co. v. Price Brothers Co., supra, 249 F.2d 3.

■ Under the pleadings in the instant case, both the defendant and the third-party defendant are charged with having participated, to some degree, in the alleged tort, regardless of whether such participation is charged as an act of omission or commission (since this is not the test of passive negligence), and their liability cannot be said to arise only by operation of law. Consequently, the defendant's and the third-party defendant's alleged liability stem from active negligence, making them joint tortfeasors, and there can be no recovery over by the former on a theory of negligence, notwithstanding anything to the contrary in Roe v. Bryant and Johnston Co., supra, 193 F.Supp. 804.

■ As far as the warranty theories in the third-party complaint are concerned, both parties failed to argue effectually the propriety of this aspect of the complaint either in their briefs or in the oral argument. Therefore, the motion to dismiss the third-party complaint is hereby denied without prejudice as to the warranty counts, but is granted as to the negligence count.