Carolyn J. **ROBERTS**, Administratrix of the estate of Gary L. Roberts, Deceased, Plaintiff,

v.

**RICHLAND MANUFACTURING CO.,** Inc., and Standard Industries, Inc., Defendants.

Civ. A. No. 5213.

United States District Court W. D. Michigan, S. D.

Nov. 4, 1966.

William A. Harper, Big Rapids, Mich., James C. Herrinton, Cadillac, Mich., for plaintiff.

Smith, Haughey & Rice, Grand Rapids, Mich., David O. Haughey, Grand Rapids, Mich., of counsel, for Richland Mfg. Co.

Cholette, Perkins & Buchanan, Grand Rapids, Mich., Don V. Souter, Grand Rapids, Mich., of counsel, for Clipper Craft.

OPINION

FOX, District Judge.

In a products liability case in which Carolyn J. Roberts, Administratrix of the estate of her deceased son, Gary L. Roberts, seeks to recover damages from the defendant Richland Manufacturing Co., Inc., for negligence in the design and assembly of a boat purchased by her husband and the breach of certain express and implied warranties, the defendant, as third party plaintiff, has made a motion pursuant to Rule 14(a) of the Federal Rules of Civil Procedure, to join Clipper Craft, Inc., as a third party defendant.[1]

The third party complaint alleges that the third party defendant sold a certain boat to Ralph L. Roberts, father of Gary L. Roberts; that the third party defendant was negligent in failing to inspect the boat and warn Ralph L. Roberts that it was unsafe for the intended use, and in representing that the boat was completely safe; that the third party defendant breached certain expressed and implied warranties, relating to among other things, that the boat was safe and that it would float and remain upright when filled with water and occupied by two grown men; and that if the defendant should be held liable to the plaintiff, the third party defendant, Clipper Craft, Inc., is a joint tort feasor and liable for its pro rata share of any liability incurred by the defendant.

Rule 14(a) states in part:

"At any time after commencement of the action a defendant, as a third-party plaintiff, may cause a summons and a complaint to be served upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him."

It is axiomatic that only a person who is secondarily liable to the original defendant may be brought in by him as a third party defendant. 1A Barron &

---

1. Rule 204 of the Michigan General Court Rules also provides that a defendant as a third party plaintiff may bring a suit against a third party defendant who may be liable for all or part of the plaintiff's claims against the third party plaintiff.

Holtzoff, Federal Practice and Procedure, § 421 (rev. ed. 1960).

■ Since the complaint is predicated on negligence and breach of warranty, under Michigan·law unless the third party plaintiff can prove that it has a right to indemnity or contribution from the third party defendant, the third party complaint must be dismissed.

■ First, with respect to its allegations of negligence, the third party plaintiff can recover if it can establish that it was a passive tort feasor and therefore entitled to indemnity or that the third party defendant is a joint tort feasor and is liable in part for any judgment which might be recovered from it as provided by M.S.A. 27A.2925(1), Comp.Laws Supp.Mich.1961, 600.2925.

In McFall v. Compagnie Maritime Belge (Lloyd Royal) S.A., 304 N.Y. 314, 107 N.E.2d 463 (1952), Judge Conway made the following observation regarding the distinctions between indemnity and contribution:

"It is essential to note that neither [manufacturer] nor [shipowner] is claiming contribution—both are seeking indemnity—and there is a fundamental distinction between contribution and indemnity. The right to contribution is not founded on nor does it arise from contract and only ratable or proportional reimbursement is sought in an action for contribution. In the absence of statutory provision one of several wrongdoers, who has been compelled to pay damages for the wrong committed, cannot obtain contribution from the others who participated in the commission of the wrong. * * *

"The right to indemnity, as distinguished from contribution, is not dependent upon the legislative will. It springs from a contract, express or implied, and full, not partial, reimbursement is sought. Where several tortfeasors are involved an implied contract of indemnity arises in favor of the wrongdoer who has been guilty of passive negligence, if there be such,

against the one who has been actively negligent. The actively negligent tortfeasor is considered the primary or principal wrongdoer and is held responsible for his negligent act not only to the person directly injured thereby, but also to any other person indirectly harmed by being cast in damages by operation of law for the wrongful act." 107 N.E.2d at 470–471.

■■ Although Michigan recognizes the common law right of indemnification between joint tort feasors, it is strictly limited to the situation where a passive tort feasor seeks indemnification from an active tort feasor. Pelkey v. States Sales, Inc., 210 F.Supp. 924 (E.D.Mich., 1962); Roe·v. Bryant & Johnston Co., 193 F. Supp. 804 (E.D.Mich., 1961); and Lowe v. New York Central R. R. Co., 148 F. Supp. 337 (E.D.Mich., 1957). In the present case, since it is apparent that the third party plaintiff was an active joint tort feasor, it is not entitled to indemnification from the third party defendant.

Nonetheless M.S.A. 27A.2925(1) provides:

"Whenever a money judgment has been recovered jointly against 2 or more defendants in an action for bodily injury or death resulting therefrom, or property damage, and such judgment has been paid in part or in full by 1 or more of such defendants, each defendant who has paid more than his own pro rata share is entitled to contribution with respect to the excess so paid over and above the pro rata share of the defendant or defendants making such payment. Joint tort-feasors who are summoned in as third party defendants pursuant to court rule may likewise be liable for contribution. No person may be compelled to pay to any other defendant an amount greater than his pro rata share of the entire judgment."

The provision making it possible for a third party defendant to be liable for contribution was added in 1961 as an amendment to the Revised Judicature Act of

1961; the amendment was intended primarily to meet the problems which arose when a plaintiff saw fit to sue only one of two or more joint tort feasors. Before the amendment, a tort feasor sued by a plaintiff would have to wait until a judgment was rendered against him before bringing a suit for indemnification. Unless he was a passive tort feasor he could not, of course, expect to succeed.

We have been unable to find any Michigan cases interpreting the scope of contribution between a third party plaintiff and a third party defendant as it now is set forth in the above statute. Generally it would be an unusual case where indemnification would not be allowed but contribution would be. 3 Frumer & Friedman, Products Liability, § 44.02(2) (1966).

Moreover, there are no Michigan cases which hold that a vendor has a duty to inspect or test a product for latent defects. Indeed, according to Frumer, the weight of authority is that the vendor has no such burden. 2 Frumer & Friedman, Products Liability, § 1803(1) (a); Restatement (Second) Torts, § 402 (1965).

Furthermore, those cases holding that such a duty exists require only that the vendor make a reasonable inspection. 2 Frumer & Friedman, Products Liability, § 1803(1) (b); 64 Mich.L.Rev. 1350, 1359–60 (1966).

■ In the present case we fail to see how a reasonable inspection could have revealed the alleged defect. Certainly, the third party defendant, absent collusion, fraud or gross negligence, had a right to assume that the third party plaintiff had thoroughly tested the boat and made certain that it contained an adequate amount of flotation material.

Further, even if the third party defendant could have discovered the defect after a reasonable inspection, it is generally held that if a vendor is held liable to a purchaser for failure to warn of latent defects, the vendor is entitled to indemnity from the manufacturer whose negligence created the defect or danger. 1 Harper & James, Law of Torts, § 10.2 at 724–5; 3 Frumer & Friedman, Products Liability, § 44.02(3) (b).

■ In addition, any lack of care on the part of the third party defendant was directly induced by the representations allegedly made by the third party plaintiff. In these circumstances, we hold that the third party plaintiff is not entitled to contribution from the third party defendant on the basis of the allegations of negligence in its complaint.[2]

■ Finally, the third party plaintiff alleges that the third party defendant breached certain express and implied warranties. If these assertions are true, they establish liability on the part of the third party defendant to the plaintiff— they do not make the third party defendant liable to the third party plaintiff. Indeed, a retailer or other seller who has been held liable in a warranty action to a purchaser is usually entitled to indemnity from the manufacturer who sold the product to him with a similar warranty. 3 Frumer & Friedman, Products Liability, § 44.03(1); 1 Harper & James, Law of Torts, § 10.2 at 724–5.

■ There is no question in the case at bar that the warranties made by the third party defendant to the plaintiff were approximately the same as the warranties made by the third party plaintiff to the third party defendant. Having found no Michigan cases on this question, we hold that the third party plaintiff is not entitled to indemnification from the third party defendant for its alleged breach of express and implied warranties.

■ Contribution is not available since a warranty action is based on contract rather than tort. Hill v. Harbor Steel & Supply Corp., 374 Mich. 194, 132

---

2. The complaint also alleges that the third party defendant was negligent in representing that the boat was completely safe. This court fails to see how the third party plaintiff can assert that the third party defendant was negligent when it merely repeated to Ralph L. Roberts the representations made to it by the third party plaintiff.

N.W.2d 54 (1965); Manzoni v. Detroit Coca-Cola Bottling Co., 363 Mich. 235, 109 N.W.2d 918 (1961). Furthermore, in addition to this distinction, we have been unable to find any authority which would support an allowance of contribution in a case such as this.

Accordingly, for the above reasons, the third party complaint is dismissed.