**Dale MURRAY et al., Plaintiffs,**

**v.**

**The RELIANCE INSURANCE COM-
PANY, Defendant.**

**No. 4–72 Civ. 421.**

United States District Court,
D. Minnesota,
Fourth Division.

Aug. 30, 1973.

Rider, Bennett, Egan, Johnson & Arundel by David F. Fitzgerald, Minneapolis, Minn., for plaintiffs in opposition to the motion.

Carroll, Cronan, Roth & Austin by George S. Roth, Minneapolis, Minn., for defendant in support thereof.

NEVILLE, District Judge.

The present action was preceded by a suit in State court brought by Dale Murray as plaintiff against Raymond Schrader, now deceased, and Rose Schrader, his wife, and others for damages suffered by Murray in a plane crash. Murray sought to hold the Schraders and others liable as charterers of the aircraft in connection with a Chamber of Commerce sponsored "Sno Ball Days" in Forest Lake, Minnesota in which one of the features apparently was some sort of air show or stunt involving the chartered plane. The Schraders, plaintiffs herein, were defendants in that action and tendered the defense thereof to their liability insurers, the Reliance Insurance Company, defendant herein.

Reliance alleges that with due notice to the Schraders it properly declined to defend the suit because of exclusions in the Schraders' liability policy and advised the Schraders to retain their own counsel. The Schraders, on the other hand, allege that Reliance not only was obligated to but actually promised and agreed to defend the suit. In any event, no answer was interposed on behalf of the Schraders in the original suit by Murray, and default judgment was entered against the Estate of Raymond Schrader in the amount of $75,259.90 with interest due thereon from February 2, 1972. Plaintiff Murray (to whom an assignment of the estate's rights against Reliance has been effected) and the Administratrix of the Raymond Schrader estate now seek to recover the amount of the default judgment plus $125,000.00 in other damages from Reliance in this diversity action for breach of contract and wrongful failure to defend. In the motion now before the court, Reliance seeks leave to join as third party defendants pursuant to Rule 14 of the Federal Rules of Civil Procedure the law firm of Norton, Jergens, Hebert & Cass, P.A., formerly known as Albertson, Norton & Jergens, and John V. Norton, the Schraders' counsel, on the grounds that Norton wilfully and negligently allowed the default judgment to be entered. It is not claimed that Norton or his firm were ever retained by Reliance. Without deciding the disputed questions of fact, and viewing the facts most favorably to Reliance, the court concludes that the motion of Reliance for leave to join third-party defendants must be denied.

 Rule 14 of the Federal Rules of Civil Procedure provides that a defendant may implead as a third-party defendant a person "who is or may be liable *to him* [the defendant] for all or part of the plaintiff's claim against him." [Emphasis added] In other words, a third party may be impleaded only on the grounds that it is liable to the *defendant*, and not on the ground that it, as well as the original defendant, may be liable *to the plaintiff*. 3 Moore's Federal Practice ¶ 14.15. National Mutual Ins. Co. v. Liberty Mutual Ins. Co., 90 U.S.App.D.C. 362, 196 F.2d 597 (1952). Expressed differently, the third-party's liability must in some way be dependent on the outcome of the main claim or the third party must be secondarily liable to the defendant. Wright & Miller, Federal Practice & Procedure: Civil § 1446. See also United States v. Joe Grasso & Son, Inc., 380 F.2d 749 (5th Cir. 1967); Roberts v. Richland Mfg. Co., 260 F.Supp. 274 (W.D. Mich.

1966). Thus, in a diversity case such as this one, joinder of third-party defendants depends on the existence of a state-created liability between the defendant and the third party. General Dynamics Corp. v. Adams, 340 F.2d 271 (5th Cir. 1965).

 In order to prevail on this motion, Reliance must show that if it is ultimately found liable in this action, that is, that it breached its duty to defend and to indemnify against any judgment entered, that it in turn would be entitled to indemnity from the proposed third parties. It appears to the court that there is no possible outcome of this action that would entitle Reliance to recover over against Norton. If, for example, Reliance prevails in the case now before this court and establishes it had no duty either to defend or to indemnify for or cover the loss, then the question of Norton's potential liability to Reliance becomes moot. If, on the other hand, Reliance should lose in this action, on the grounds that it had a duty to defend and/or to indemnify and did not do so, then the question will arise as to Norton's possible liability. However, if it finally is held that Reliance had a duty to defend but would have lost the state court case on the merits, then it follows that Reliance would have suffered some judgment in any event and therefore Norton has caused Reliance no loss, and the fact that the default judgment is larger than might have been the case had the suit been contested is of Reliance's own doings for failure to shoulder its duty to defend and/or indemnify. Another possibility is that Reliance had a duty to defend, and thus might be found liable here, but that had it defended it would have prevailed, either because the Schraders were blameless or because there was a valid exclusion in the policy exempting the particular loss from any coverage Reliance afforded the Schraders. Only if this last outcome is ultimately found to be the case can it be said that the default judgment has caused a loss to Reliance. But such a loss in that event is Reliance's own fault; any judgment which Reliance would have to pay the estate of Schrader as the result of such a finding would be a payment for Reliance's own breach of contract (wrongful failure to defend and/or indemnify), and not simply compensation paid by Reliance to an insured for a covered loss. This is not the type of payment that would entitle Reliance to be subrogated to any claim that the estate might have against Norton since it would not be payment for an insured loss. It is obvious as a matter of law that Reliance and Norton are not joint tort feasors under any concept, the liability of Reliance, if any, being for breach of contract and that of Norton, if any, being for negligence. Further, it is clear under Minnesota law that a wilful or intentional wrongdoer, if Reliance can be said to be such, is not entitled to contribution from one who shares common liability for the injury. Skaja v. Andrews Hotel Co., 281 Minn. 417, 161 N.W.2d 657 (1968); Farmers Ins. Exchange v. Village of Hewitt, 274 Minn. 246, 143 N.W.2d 230 (1966); Ankeny v. Moffett, 37 Minn. 109, 33 N.W. 320 (1887). Thus it is the opinion of this court that, even if it is assumed that Norton was guilty of negligence that would make him liable to the estate of Raymond Schrader for permitting the default judgment to be entered, there is no theory on which Norton might be liable over to Reliance; therefore, Reliance's motion to implead third-party defendants is denied.

A separate order has been entered.