ROUSE *v*. MICHIGAN UNITED RAILWAYS CO.

1. NEGLIGENCE—STREET RAILWAYS—SPEED OF CARS—MUNICIPAL ORDINANCES.
   One who is injured in driving across the tracks of a street car company, by a collision with the car, cannot recover if he is guilty of contributory negligence, even although the car may have been running at an excessive rate of speed prohibited by an ordinance of the city.[1]

2. SAME — INSTRUCTIONS TO THE JURY — CONTRIBUTORY NEGLIGENCE—APPEAL AND ERROR.
   A charge which, considered as a whole, fails to state a proposition of law essential to the theory of one of the parties, whether or not the attention of the court has been called to the point by a request to charge, may be questioned by the assignments of error on appeal.

Error to Ingham; Wiest, J.  Submitted February 15, 1909.  (Docket No. 5.)  Decided September 21, 1909.

Case by Albert Rouse against the Michigan United Railways Company for personal injuries.  A judgment for plaintiff is reviewed by defendant on writ of error.  Reversed.

*Sanford W. Ladd*, for appellant.

*Frank L. Dodge* (*R. H. Person*, of counsel), for appellee.

McALVAY, J.  Plaintiff was injured while crossing the street railway track of defendant in the city of Lansing in March, 1907.  He claims that this occurred on account of the negligence of the servants of defendant.  He was a farmer, and came into North Lansing on the forenoon of the day of the accident, where he stopped for some time, and then proceeded west on Franklin street, turning south

---

[1] As to injuries by street car collisions with vehicles or horses, see note to *Hicks* v. *Citizens R. Co.* (Mo.), 25 L. R. A. 508.

when he reached Washington avenue, driving on the east side of defendant's tracks, which are laid in the middle of that avenue. He was driving a team of horses hitched to a wide-tired wagon, with a rack box 16 feet in length containing chicken crates. He proceeded on Washington avenue until he reached Madison street, which intersects it at right angles, where he attempted to cross the track by turning to the west into Madison street. A street car was following him going in the same direction, *i. e.*, south. He knew this, having seen it some time before he turned to cross. He claims that at the time he turned the car was more than a block distant. In crossing, the wagon was struck and plaintiff was injured. He charges negligence in that the car was run at a high rate of speed without caution or care for plaintiff's safety, and in not bringing the car under control in time to avoid a collision.

There is a dispute as to the distance of the car away at the time plaintiff made his observation before he began to make the crossing, and also as to the place where he attempted to cross; plaintiff claiming that he started to turn at the north crosswalk of Madison street, and the defendant that this occurred at or south of the south crosswalk of Madison street. There is also a dispute as to the time of day the accident occurred and the speed of the car. The claim of defendant was: That plaintiff was driving along on this avenue at a proper distance from the track, and when he got to the south crosswalk of Madison street he turned his team abruptly to cross the track, when the car of defendant was so near that an accident was unavoidable; that the car was operated with care, and not at a high rate of speed; that the contributory negligence of the plaintiff was the cause of his injury. The jury, under the charge of the court, returned a substantial verdict for plaintiff.

This court is asked to reverse the judgment entered upon such verdict upon errors claimed to have been committed upon the trial. Of the errors assigned, but one will require consideration. It is claimed by defendant

that the court erred in charging the jury upon the question of the contributory negligence of plaintiff and in refusing to charge as requested upon that subject.

The following excerpts from the charge give the claims of the parties in the case and the issue involved, as stated by the court:

"He claims that before he turned to cross the track he looked to see where the cars were, and saw one back of him just north of Jefferson street approaching Madison street, that would be approaching in his direction. It is his claim that the car was being run at a high and prohibited rate of speed, and because of that fact, before he got across the track, it struck his wagon and caused his injury. The defendant claims that the car was not running at an excessive or prohibited rate of speed, and that the accident was caused by plaintiff carelessly turning to cross the track so near the car that it was not possible for the motorman to stop the car in time to avert the accident.

"The issue in this case is not complicated; in fact, it is very narrow. There is no proof that the motorman in charge of the car was incompetent, or that the brake or appliances on the car for stopping the car or arresting its action was insufficient or faulty. Therefore the question submitted to you and for you to determine from the evidence is: How, in broad daylight, with a competent motorman, with a car fitted with proper appliances, did this accident happen? Was it because of the failure of the motorman, after he in fact observed, or should have observed, had he been paying attention to his duty, the plaintiff upon the track at a point where, had he taken proper precaution, he could have averted the accident by bringing his car to a stop, or was it because the plaintiff turned across the track when the car was so near that it was not possible for the motorman to arrest the progress of his car and avert the accident? * * *

"The plaintiff claims that defendant was negligent in running its car at a high rate of speed, a prohibited rate of speed, and running it upon him when the motorman should and could have discovered his position on the track in time to have averted the accident, had he exercised ordinary prudence in running the car."

The portions of the charge of the court upon the ques-

tion of contributory negligence complained of by the defendant are as follows:

"If, on the other hand, the plaintiff turned to cross the track at a point and place so near the approaching car that it was not possible, after his peril became known to the motorman, or should have been known to him, by the exercise of ordinary care and prudence, and the motorman used all the means at his command to arrest the progress of the car and avert the accident, and could not have averted the progress of the car, and have averted the accident, had the car been running within the speed limit of 16 miles per hour, then the plaintiff's want of care and the defendant's exercise of ordinary care defeats the plaintiff's action, and in such event your verdict will be for the defendant. * * * A violation of this ordinance by the railway company of itself does not give the plaintiff a right of action; but the plaintiff in attempting to cross the track, if he knew at the time from former observation the rate of speed of the cars, had a right to assume that the car he saw coming was not exceeding the lawful speed. * * * If he was acting as a person of ordinary care and prudence, what caused the accident? Was it because the car was being propelled at an excessive and unlawful rate of speed? Was it because the motorman failed to make the observation he should make to see whether the track was clear? If the motorman had observed, would he have discovered the position of the plaintiff on the track in time, had the car been propelled at the legal rate of speed, to have stopped his car and have averted the accident? These are issues for the plaintiff in this case to establish by a preponderance of the evidence. Was the accident caused by the plaintiff turning upon the track in front of a car near to him, so near that, had it been propelled at a legal rate of speed, the motorman could not have prevented the accident by the exercise of care? If you find such to be the fact, then the plaintiff cannot recover."

Defendant's position is, as its requests to charge show, that the court should have charged that, if the jury found plaintiff guilty of contributory negligence, then the verdict should be for defendant, even if the car was running at a rate exceeding the speed limit; in other words, that

if, in this case, plaintiff was guilty of contributory negligence, he could not recover.

The rule is well established that a charge should be considered as a whole, and not judged by paragraphs separated from the context, and plaintiff claims that the application of this reasonable rule shows that the court was not in error in his charge upon contributory negligence. Applying this rule, we find that the charge nowhere contains an instruction to the jury such as defendant urges should have been given as above stated. If defendant is right, the court was in error.

There can be no doubt but that the several requests of defendant gave the court to understand its position upon the question of contributory negligence, and sufficiently called attention to what it claimed was the law upon that subject in this case. The trial court need not give requests the substance of which is contained in his general charge; but the refusal to give any requests which should be given, and omitting the proposition of law entirely from the charge, may be questioned by assignments of error, and, where the proposition of law omitted is essential to the submission of the theory of either party, error may be assigned to the charge under the statute, even if the attention of the court has not been specifically called to the matter.

In his charge the court in each instance qualified the effect of contributory negligence as defeating recovery upon the condition that the speed of the car did not exceed the ordinance limit. In this he was in error. The testimony of defendant's witnesses tended to prove that plaintiff suddenly, when the car was but a short distance away, turned his team from a place of safety to cross the track in front of this car, which he had seen and knew was following him, that the distance from the car was about 40 feet, and that warnings were given and the car stopped as soon as possible. Defendant was entitled to a charge that, if this was true, plaintiff would be guilty of

158 Mich.—8.

contributory negligence. The question of contributory negligence in this case was one of fact and not of law:

"The universal rule is that, if negligence on the part of the person injured contributed to the injury, he is not entitled to recover." 29 Cyc. p. 507.

This rule has been applied in this State, and this court has held that if plaintiff is negligent he cannot recover, unless the negligence of the defendant complained of was wanton or willful.

The weight of authority is that if plaintiff's negligence contributed to the injury, though the act of the defendant is in violation of the law, the plaintiff cannot recover. Beach on Contributory Negligence (3d Ed. Rev.), § 49, notes and cases cited. The court was in error in omitting from his charge as given, to state that plaintiff could not recover if guilty of contributory negligence, even if the car was running faster than permitted by the ordinance.

The judgment is reversed, and a new trial ordered.

OSTRANDER, HOOKER, MOORE, and BROOKE, JJ., concurred.