NATIONAL SURETY CO. *v.* GRANT.

1. NEW TRIAL—WEIGHT OF EVIDENCE—JURY QUESTION.
   Where defendant was charged with receiving a check for $593.56, which he was not entitled to, from his successor in the office of township treasurer, and on the trial plaintiff's evidence was contradicted by that of defendant and by certain alleged admissions of his successor in office, the issue was one for the jury and the court properly denied a motion for new trial on the ground that the weight of the testimony was for the jury.

2. SAME—NEWLY DISCOVERED EVIDENCE.
   It was not an abuse of discretion to deny a new trial for which plaintiff asked, on the ground of newly discovered evidence, when the testimony was merely cumulative and might have been produced on the trial with the exercise of due diligence.

Error to Presque Isle; Emerick, J. Submitted June 16, 1913. (Docket No. 97.) Decided October 1, 1913.

Assumpsit by the National Surety Company against Fred O. Grant for money had and received. Judgment for defendant. Plaintiff brings error. Affirmed.

*I. S. Canfield,* for appellant.

*C. S. Reilley,* for appellee.

BROOKE, J. In April, 1906, defendant was the outgoing treasurer of the township of North Allis. The township board met on March 21st and found a balance due from defendant to the township of $2,878.73. On April 24, 1906, defendant met William A. Wright, the incoming treasurer, at the office of the Onaway Banking Company, in which institution the township

funds were deposited, and there turned over to Wright certain paid orders, together with a check for $1,669.30 on the Onaway Banking Company. Altogether these sums equaled the sum of $2,878.73 found by the board to be due. Plaintiff was surety upon Wright's bond. In October, 1906, Wright was found short in his accounts and resigned. Plaintiff and Wright were afterwards sued by the township, and a judgment was recovered for $496.16 and costs, which were taxed at $60.50. These sums were paid by plaintiff.

Plaintiff thereupon, as assignee of Wright, brought the instant suit against defendant. It was plaintiff's claim that on April 26, 1906, two days after defendant had given Wright the check for $1,669.30 in settlement of his account with the township, defendant went to Wright and falsely and fraudulently represented to him that he (Grant)' had overpaid him to the amount of $593.56. That on said day defendant secured from Wright a check on the township fund for that sum, which was immediately deposited in the Onaway Bank to cover an overdraft of Grant's for that amount, created by the giving of the check for $1,669.30 on April 24th. These facts were testified to by Wright, and testimony was given by Frank D. Hughes, at that time cashier of the Onaway Banking Company, tending to support plaintiff's theory. The books of the banking company were introduced in evidence. The entries therein, if they represented actual transactions, strongly supported plaintiff's claim. On the other hand, defendant flatly denied ever having received from Wright the check in question, and it was shown (indeed, Wright himself testified) that upon the discovery of Wright's shortage he (Wright) protested to the township officials that he had ever given defendant the check in question. Wright was unable to produce the canceled voucher. Under these circumstances, the case resolved itself

into a pure question of fact, which was submitted to the jury in a careful charge, to which no exception is taken. The jury returned a verdict for defendant.

In this court plaintiff argues but two assignments of error:

(1) The verdict is against the great weight of the evidence.

(2) The court erred in refusing to grant a new trial because of newly discovered evidence.

1. We have perused this record with care and interest, as it presents an anomalous state of facts. Both Wright and defendant appear to be men of good reputation and seeming honesty. Yet they flatly contradict each other upon an important question of fact, the actual truth concerning which is known to them alone and about which neither can very well be mistaken. From a perusal of the record it is difficult to determine where the right of this controversy lies. The jury heard the evidence of these men and determined that defendant told the truth. The circuit judge saw the witnesses and heard them testify and denied a new trial. We are of opinion that in so ordering there was no abuse of discretion. *Dupuis* v. *Traction Co.*, 146 Mich. 151 (109 N. W. 413).

2. We are satisfied that the court below properly denied a new trial upon the ground of newly discovered evidence. This case was tried more than five years after the happening of the events out of which it arose. The evidence of McQueen (the newly discovered witness) is cumulative only. We think reasonable diligence on the part of plaintiff would have discovered its existence. *Canfield* v. *City of Jackson*, 112 Mich. 120 (70 N. W. 444); *Grand Rapids Electric Co.* v. *Manufacturing Co.*, 142 Mich. 4 (105 N. W. 1).

The judgment is affirmed.

STEERE, C. J., and MOORE, MCALVAY, KUHN, STONE, OSTRANDER, and BIRD, JJ., concurred.