*In re* ROCKETT'S ESTATE.

BUTLER *v.* ROCKETT.

1. CONSTITUTIONAL LAW—PROBATE COURTS—ORIGINAL JURISDICTION
   —AMENDMENT—STATUTES.

   Under sections 10 and 13, Art. vii, of the Constitution,
   conferring original jurisdiction on the probate courts and
   on the circuit courts, together with appellate jurisdiction
   in certain cases, it was not beyond the legislative power
   to make provision for the certification to the circuit court
   of contests in relation to wills upon the application of an
   interested party, as authorized by Act No. 238, Pub. Acts
   1911; 3 Comp. Laws 1915, § 14145.

2. SAME—AMENDMENT—RE-ENACTMENT.

   Nor did the amending statute violate the constitutional re-
   quirement, in that the amending enactment related to
   section 650, 1 Comp. Laws, rather than section 669, which
   governed appeals, and which was the one re-enacted: the
   particular section selected was properly enough published
   in full as required by the constitutional provisions.

3. WILLS—INSANITY—DEGREE AS AFFECTING TESTAMENT.

   No error was committed by the trial court, on the issue of
   insanity of the testator, in instructing the jury that, if
   one was under the influence of an insane delusion which
   was in existence at the time of execution, and operative,
   the will was vitiated, for thereby that will if not wholly
   is at least partially the product of such insane delusion,
   but if such person harbors insane delusions and these
   delusions enter into his execution of the will, then it is
   evidence that the will is in some degree the product of
   the delusion and, if it be, it cannot stand as a valid will,
   that even though one have insane delusions, if they do
   not enter into the execution of the will, if they have no
   effect or influence upon it, the will is valid, the requisite
   degree of mental capacity being present.[1]

   ---

   [1] Upon the question of effect of insane delusions as proof of
   incapacity of testator to make will, see note in 27 L. R. A. (N.
   S.) 62.   And as to circumstances under which cumulative evi-
   dence has or has not been held to render a different outcome
   probable, see note in 46 L. R. A. (N. S.) 911.

4. SAME.

An instruction, that an insane delusion which became operative in the will was such a delusion as would vitiate it, was correct.

5. SAME—NEW TRIAL—WEIGHT OF EVIDENCE.

The trial court also was warranted by the evidence, which tended to show mental incapacity, in submitting to the jury that issue, and in the denial of a new trial, on the ground of the weight of the evidence. *Held*, also, that affidavits setting up newly discovered testimony did not appear likely to change the result.

Error to Isabella; Murphy, J., presiding. Submitted April 7, 1916. (Docket No. 39.) Decided June 1, 1916.

William G. Butler presented for probate the last will of Alice T. Rockett, deceased, which was contested by Harvey Rockett. The probate court certified the case to the circuit court pursuant to the provisions of section 14145, 3 Comp. Laws 1915. Judgment for contestant. Proponent brings error. Affirmed.

*F. H. Dodds, H. A. Sanford,* and *R. J. Hyde,* for appellant.

*F. H. Dusenbury* and *F. McNamara,* for appellee.

This proceeding involves a contest over the will of Alice T. Rockett. The will is dated January 16, 1913, and the testatrix died on February 19, 1913. The contestant, Harvey Rockett, was the husband of the testatrix, and they had lived together about 26 years. No children were born of the union. The will in question disposed of certain personal property of insignificant value, and then bequeathed to her husband, the contestant, a life estate in a house, barn, and lot in the city of Coleman, with remainder over to Lauretta Rockett. The farm of 80 acres, worth about $6,000,

which had been occupied by the testatrix and her husband for many years, and the title to which stood in the name of the testatrix, was by the will devised to the Independent Order of Odd Fellows' Home at Jackson. The will closes with the following assertion:

"I do not owe my husband, Harvey Rockett, and he cannot justly present a claim against my estate for anything arising before this date."

The instrument was executed with all necessary legal formalities. It was contested upon the ground: *First,* that at the time of its execution the testatrix was not possessed of sufficient testamentary capacity to make the will; and, *second,* that the execution of said will was procured through fraud, duress, and undue influence. After the will was filed for probate in the probate court for the county of Isabella the contestant filed a petition under Act No. 238, Pub. Acts 1911 (3 Comp. Laws 1915, § 14145), praying for the certification of said cause to the circuit court of said county for trial. Objection was interposed upon the hearing of said motion in the probate court, and an exception was taken to the making of the order certifying the matter to the circuit court, before the probate court had either admitted or refused to admit the will to probate. In the circuit court proponent moved that the certification of the contest over the will in question from the probate court to the circuit court for said county be held for naught, assigning various reasons for said motion. This motion being denied, the contest was heard in the circuit court, and resulted in a verdict disallowing the will.

The learned circuit judge who tried the case withdrew from the consideration of the jury questions of fraud and undue influence, holding that there was no evidence that the will in question had been executed through the exercise of either. The question of the testamentary capacity of the testatrix, however, was

submitted to the jury under very exhaustive instructions, which occupy some 15 pages of the record. The contest having resulted adversely to the contention of the proponent, a motion was made to set aside and vacate the verdict, based upon 23 separate grounds, the last of which was that newly discovered evidence would be available upon another trial.

In this court counsel for appellant present their argument under five different heads:

(1) The constitutionality of Act No. 238, Pub. Acts 1911.

(2) (3) Alleged errors in the instructions of the court to the jury.

(4) Was the verdict, and afterwards the finding of the trial judge, warranted by the evidence.

(5) Newly discovered evidence.

BROOKE, J. (*after stating the facts*). The first question discussed by appellants relates to the constitutionality of Act No. 238, Pub. Acts 1911. The act purports to amend section 25 of chapter 33, compiler's section 669, 1 Comp. Laws. The section originally read as follows:

"In all cases not otherwise provided for, any person aggrieved by any order, sentence, decree or denial of a judge of probate, may appeal therefrom to the circuit court for the same county, by filing a notice thereof with the judge of probate within sixty days from the date of the act appealed from, with his reasons for such appeal, together with such bond as is required in the next section."

The amendatory act added the following proviso to this section (3 Comp. Laws 1915, § 14145):

"*Provided, however*, that any probate judge shall have power in all contests over the allowance or disallowance of wills, before the hearing thereof in probate court, to certify the same to the circuit court for the same county for hearing, upon application of any interested party in said contest, in the same way and

subject to the same provisions as are now provided for in appeals from the probate court to the circuit court mentioned in this section."

The Constitution (section 13, art. 7) provides:

"In each county organized for judicial purposes, there shall be a probate court. The jurisdiction, powers and duties of such courts and of the judges thereof shall be prescribed by law, and they shall also have original jurisdiction in all cases of juvenile delinquents and dependents."

Section 10 of article 7 follows:

"Circuit courts shall have original jurisdiction in all matters civil and criminal not excepted in this Constitution and not prohibited by law, and appellate jurisdiction from all inferior courts and tribunals and a supervisory control of the same."

It appears to be the contention of the appellants that under the constitutional provisions above set forth the legislature is without power to grant to the circuit courts original jurisdiction in the matter of probating wills in cases where a contest arises. Many cases are cited from this court to the effect that probate courts have exclusive jurisdiction over the settlement of estates of deceased persons, except where their remedies are inadequate, or the interposition of equity is necessary for some auxiliary purpose.

The general principle announced is not questioned, but it is not applicable when a specific statutory enabling act is under consideration. The circuit court under its appellate jurisdiction has at all times exercised the right to allow or disallow wills for probate. We can see no reason upon principle why the legislature may not clothe that' court with original jurisdiction covering the identical controversy. Nor can we see how the appellant is in any wise injured in the premises. Had the will originally been admitted to probate, the contestant by appeal could have taken the

matter to the circuit court, where the case would have been heard exactly as it was heard.

Again, it is urged that the act in question (Act No. 238, Pub. Acts 1911) offends the Constitution (section 21, art. 5) :

" * * No law shall be revised, altered or amended by reference to its title only; but the act revised and the section or sections of the act altered or amended shall be re-enacted and published at length."

The argument under this contention is that the section really sought to be amended—*i. e.*, section 650, 1 Comp. Laws (3 Comp. Laws 1915, § 13764)—was not re-enacted and published at length, because section 650 relates to the jurisdiction of probate courts, whereas section 669, the one amended, relates to appeals. We are of opinion that the point made is without merit. The purpose of the legislation is plain, and we think the amendment could as well be made to section 669 as to section 650.

The second and third sections of the main brief for appellant are devoted to the discussion of exceptions to the charge of the court, and mainly to the proposition that the court erred in his instructions to the jury with reference to the question of insane delusions. Excerpts are taken from the charge, and from them it is argued that the court permitted the jury to deny the probate of the will in question if they found that the testatrix was possessed of insane delusions, even though these insane delusions did not exist "to that extent that they completely dominated the mind in making the will." The court did charge the jury as follows:

"For, gentlemen of the jury, if one be under the influence of an insane delusion, and that insane delusion is in existence at the time of the execution of the proposed will, and operative in it, the will is vitiated; for thereby that will, if not wholly, is at least partially,

the product of such insane delusion. * * * But if, in other words, that person harbors insane delusions, and these delusions enter into his execution of the will, then, gentlemen of the jury, it is evidence that the will is in some degree the product of the delusion, and, if it be, it cannot stand as a valid will. But, gentlemen of the jury, it follows from what I have just said that, even though one have insane delusions, if these insane delusions do not enter into the execution of the will, if they have no effect or influence upon it, if they are not operative in it, then, gentlemen of the jury, notwithstanding the delusions, the will would be a valid instrument if it complies in general with what I directed a moment ago was the necessary degree of mental capacity required in the making of a will."

Upon this point appellant cites and relies upon *In re Shanahan's Estate*, 176 Mich. 137 (142 N. W. 573). While a part of the charge in that case was quoted in the opinion, and while the trial judge in that case instructed the jury that they must find that the insane delusion "completely dominated" the mind of the testator, an examination of the case will show that the important question involved was whether the court erred in not submitting the question of undue influence to the jury. Under the facts of that case that charge was proper. We are of opinion, however, that, taken as a whole, the charge in the case at bar carefully covered every proper request preferred by the proponent, and that the instruction that an insane delusion which became operative in the will was such a delusion as would vitiate the will was proper. In passing upon the sufficiency of a charge the entire charge must be examined and taken as a whole. *Rouse* v. *Railways Co.*, 158 Mich. 109 (122 N. W. 532).

The fourth contention of appellant is based upon the assertion that the court should have directed a verdict in favor of the proponent, or, after verdict, should have disallowed the same and entered a judg-

ment in favor of proponent. The assignments of error under this head go to the whole case and involve a consideration of all the testimony in the record bearing upon the question of the testamentary capacity of the testatrix. Much evidence was introduced on both sides of this question, which it would be unprofitable to examine. It is, we think, clear that sufficient evidence was introduced by the contestant bearing upon the question of the mental capacity of the testatrix to warrant the court in taking the verdict of the jury upon that question, and we are unable to say that the denial of a new trial on the ground that the verdict was against the weight of evidence was such an abuse of discretion as would warrant a reversal in this court upon that ground.

An examination of the application for a new trial and the affidavits as to newly discovered evidence upon which, in part, the motion was based, convinces us that no error was committed by the trial judge in refusing a new trial upon that ground. It is, we think, not likely that a different result would be reached upon another trial, even were the proposed new evidence in the case. Under such circumstances the court should not award a new trial. *National Surety Co.* v. *Grant,* 177 Mich. 348 (143 N. W. 5).

The judgment is affirmed.

STONE, C. J., and KUHN, OSTRANDER, BIRD, MOORE, STEERE, and PERSON, JJ., concurred.