Joseph E. SLEEMAN, Plaintiff,

v.

CHESAPEAKE & OHIO RAILROAD COMPANY, a Virginia corporation, Defendant and Third-Party Plaintiff,

v.

L. A. BARNABY (first name unknown) and Howard Parker, Third-Party Defendants.

Civ. A. No. 5086.

United States District Court
W. D. Michigan, S. D.

Sept. 20, 1968.

See also D.C., 263 F.Supp. 117; D.C., 290 F.Supp. 817.

Rhoades, McKee & Boer, Grand Rapids, Mich., F. William McKee, Grand Rapids, Mich., of counsel, for plaintiff.

Paul O. Strawhecker, Grand Rapids, Mich., Robert A. Straub, Detroit, Mich., for defendant and third-party plaintiff.

Cholette, Perkins & Buchanan, Grand Rapids, Mich., Grant J. Gruel, Grand Rapids, Mich., of counsel, for third-party defendants.

## OPINION IN THIRD PARTY ACTION

FOX, District Judge.

This is a third party action filed by the Chesapeake & Ohio Railroad Company (hereafter referred to as C & O) subsequent to suit being brought against it by Joseph E. Sleeman. The original action was the result of an accident which took place in C & O's "Wyoming Yards" in Kent County, Michigan. Plaintiff Joseph Sleeman in that case was injured when a truck driven by third party defendant Howard Parker and owned by L. A. Barnaby struck him as he was crossing the parking lot maintained by C & O.

The cases were separated for trial. In the original action tried without a jury, the court found in favor of plaintiff Joseph Sleeman under the Federal Employer's Liability Act because defendant C & O had been negligent in the design and lighting of the parking lot where plaintiff was working.

The third party action by C & O is for contribution from third party defendants as provided for by M.S.A. 27A.2925 Comp.Laws Mich.1948, § 600.2925. Trial was had before a jury and a verdict was returned in favor of the third party defendants, finding that Howard Parker's negligence was not a proximate cause of Joseph Sleeman's injuries.

Third party plaintiff subsequently filed a motion for a new trial, alleging approximately twenty-four different grounds as error. On February 19, 1968, we denied third party plaintiff's motion for a new trial.

Because of the unique nature of some of third party plaintiff's allegations of error we believe that further discussion is warranted. What follows is a capsule discussion of six of the issues raised by third party plaintiff's motion for a new trial.

(1) Was it error for the court to fail to submit third party plaintiff's requested interrogatories to the jury?

Rule 49(b) of the Federal Rules of Civil Procedure provides in part: "The

court *may* submit to the jury, together with appropriate forms for a general verdict, written interrogatories upon one or more issues of fact the decision of which is necessary to a verdict." (Emphasis supplied.)

■ Rule 49(b) is permissive and discretionary. Although it is not mandatory for a court to submit interrogatories to a jury, it is apparent from the intent of Rule 49(b) that if a court decides to submit interrogatories, it has the discretion to draft them in accordance with the facts and circumstances of each case.

Defendant's requested interrogatories were as follows:

"Was Howard Parker guilty of negligence? ———

If your answer is 'yes,' then was Howard Parker's negligence a proximate cause of the accident and injuries to Joseph E. Sleeman? ———

Was Joseph E. Sleeman guilty of negligence? ———

If your answer is 'yes,' then was Joseph E. Sleeman's negligence a proximate cause of the accident and his injuries? ———

The following are the interrogatories which this court submitted to the jury:

"The jury will from the evidence answer the following questions in writing under each, 'Yes' or 'No.'

1. Was Howard Parker guilty of negligence?

———

If your answer to the above question is 'no,' you should proceed no further.

2. If your answer to the above question is 'yes,' then was Howard Parker's negligence a proximate cause of the accident and the injuries to Joseph Sleeman?

———

If your answer to the above question is 'no,' you should proceed no further.

3. If your answer to the above question is 'yes,' then was Joseph Sleeman guilty of negligence?

———

If your answer to the above question is 'no,' you should proceed no further.

4. If your answer to the above question is 'yes,' then was Joseph Sleeman's negligence a proximate cause of the accident and his injuries?

——— "

■ The questions were drafted to follow the sequence of the court's instructions to the jury. We believe that in whatever respect they differed from defendant's requested interrogatories, it was not prejudicial to defendant's right to a fair trial.

(2) Was it error to fail to require the jury to answer all of the interrogatories?

According to defendant's logic, even if the jury determined that Howard Parker was not negligent it would still be required to decide if Parker's non-negligent acts or omissions were a proximate cause of the accident.

■ We fail to see how this would promote the ends of justice or accord with the spirit of Rule 1 of the Federal Rules of Civil Procedure which states in part that the Rules " * * * shall be construed to secure the just, speedy, and inexpensive determination of every action."

(3) Was it error for the court to fail to instruct the jury that if it found Howard Parker was negligent, it must find such negligence was a proximate cause of the accident, and was it error for the jury to fail to follow the court's instructions on proximate cause?

The following instruction was given to the jury on proximate cause:

"An injury is proximately caused by an act or omission whenever it appears that the act or omission played a substantial part in bringing about or actually causing the injury, and it further appears that the injury was either a direct result or a reasonably probable consequence of the act or omission.

"This does not mean that the law recognizes only one proximate cause

of an injury, consisting of only one factor or thing, or the conduct of only one person. On the contrary, many factors or things, or the conduct of two or more persons, may operate at the same time, either independently or together, to cause an injury in such a case; and in such a case each may be a proximate cause. Clearly, there may be more than one proximate cause. And if there is more than one proximate cause resulting in injuries and damages, these causes are known as concurring proximate causes.

"In order to constitute proximate cause insofar as the plaintiff's burden of proof is concerned, it must appear that the injuries sustained were the natural and probable consequences of the negligence or wrongful act or acts of defendants, unbroken by any independent, unforeseen cause. That is, could the consequence have been foreseen in the light of the attending circumstances?"

■ Proximate cause is an issue of fact peculiarly within the province of a jury.

■ In the instant action the jury could have reasonably found that the third party's own negligence in either improperly designing and/or lighting the parking lot was the sole proximate cause of the accident. Such a finding is not inconsistent with a determination that Howard Parker was also negligent.

(4) Was it error to deny third party plaintiff's motion to remove the instant third party action from the trial calendar pending motions or appeal of the principal action to the Sixth Circuit Court of Appeals?

■ There was no reason to delay this action. This court's opinion in the principal case made it manifestly clear that third party plaintiff's motion to amend findings and judgment in the principal action would be denied. There was no reason to await a formal opinion by the court before proceeding.

■ Orderly and expeditious control of court calendars is mandatory in this litigious age. To postpone a trial for one and probably two years when it is clear that both parties are prepared to proceed would not be in the public interest.

Time in court is a precious commodity which should not be wasted by needless delays or adjournments.

(5) Was it error to permit the jury to consider whether Joseph E. Sleeman was negligent?

Third party plaintiff contends that, because this court found Joseph E. Sleeman free of contributory negligence in the principal action, it was improper to allow third party defendants to relitigate the issue in the third party action.

Rule 14(a) of the Federal Rules of Civil Procedure provides:

(a) When Defendant may Bring in Third Party. At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him.

Rule 38(a) and (b) of the Federal Rules of Civil Procedure provide:

(a) Right Preserved. The right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States shall be preserved to the parties inviolate.

(b) Demand. Any party may demand a trial by jury of any issue triable of right by a jury by serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue. Such demand may be indorsed upon a pleading of the party.

■ Under the above rules it is apparent that third party defendants, having made a timely demand for jury trial,

were entitled to a trial by jury of all issues of fact relevant to their defense.

In Christenson v. Diversified Builders, Inc., 331 F.2d 992, 994 (10th Cir., 1964), the court said:

> We start with the fundamental premise that "[t]rial by jury is a vital and cherished right, integral in our judicial system. * * *" City of Morgantown, W. Va. v. Royal Insurance Co., 337 U.S. 254, 258, 69 S.Ct. 1067, 1069, 93 L.Ed. 1347. And, " * * * as the right of jury trial is fundamental, courts indulge every reasonable presumption against waiver. * * *" Aetna Insurance Co. v. Kennedy, [to use of Bogash,] 301 U.S. 389, 393, 57 S.Ct. 809, 811, 81 L.Ed. 1177.

[3] The procedural aspects of the right to trial by jury in the federal courts are governed by Rule 38, F.R. Civ.P., 28 U.S.C.A., which preserves to the parties "inviolate" the right to a jury trial as declared by the Seventh Amendment or given by the statutes of the United States. * * * And, where there are multiple parties in the suit, the right may be waived as to some and not as to others. Thus, Professor Moore says: "Where there are plural plaintiffs or plural defendants, it may happen that a demand for jury trial will be timely as to some, and untimely as to other litigants.

See also McAndrews v. United States Lines Co., 167 F.Supp. 41 (D.C.N.Y. 1958).

(6) Was it error for the court not to grant the third party plaintiff's motion to amend its third party complaint to include indemnity?

In the principal action, this court found defendant-third party plaintiff guilty of active negligence.

■ In Husted v. Consumers Power Co., 376 Mich. 41, 51, 135 N.W.2d 370 (1965), the Michigan Supreme Court said:

> "Indemnity arising from tort, unlike contribution, is available only when the party appealing therefor is able to plead and prove freedom on his part from personal fault."

In several other cases the Michigan Supreme Court has made it equally clear that one seeking indemnity must establish his freedom from any wrongdoing. Indemnity Ins. Co. v. Otis Elevator Co., 315 Mich. 393, 24 N.W.2d 104, 171 A.L.R. 266 (1946); Portland v. Citizens' Tel. Co., 206 Mich. 632, 173 N.W. 382 (1919); Township of Hart v. Noret, 203 Mich. 376, 168 N.W. 1023 (1918).

See also Roberts v. Richard Mfg. Co., 260 F.Supp. 274 (W.D.Mich.1966), where we held that indemnity is not available under Michigan law when a person has been guilty of active negligence.

■ A final point should be added. The defendant-third party plaintiff and the third party defendant are not commonly liable to Sleeman:

> The term 'common liability,' as used in cases referred to in Am.Jur., means a liability of the same kind, that is, one arising from the breach of the same duty. This would, of course, not be the case if the liability of one defendant arose under the Federal Employees' Liability Act or under a state Workmen's Compensation law, and that of the other defendant arose out of the breach of common law duty of ordinary care. Ft. Worth & Denver R'y Co. v. Threadgill, 228 F.2d 307, 312 (5th Cir. 1955).

■ The great disparities under the two modes of recovery[1] may also mean,

---

1. The liability of the defendant railroad under the Federal Employers' Liability Act is more strict, more affirmative and more direct than liability on the negligence theory alleged against third party defendants. The railroad is liable if the plaintiff can shows light negligence which proximately caused his injuries. And contributory negligence does not defeat the cause of action. 45 U.S.C. § 51 et seq. These are substantial differences from common law negligence recovery.

under the Michigan statute, that the parties cannot be joint tortfeasors. M.S.A. § 27A.2925. Liability of one party by reason of statutory enactment and of another by negligence precludes the parties from being joint tortfeasors, even when there is a single indivisible injury. Virgilio v. Hartfield (Hartfield v. Naeyaert), 4 Mich.App. 582, 145 N.W.2d 367 (1966). See also Geib v. Slater, 320 Mich. 316, 31 N.W.2d 65 (1948); Boucher v. Thomsen, 328 Mich. 312, 43 N.W.2d 866, 20 A.L.R.2d 1038 (1950); and Varano v. Express Freight Lines, Inc., 176 F.Supp. 71 (E.D.Wis.1959).

For all of the above reasons, third party plaintiff's motion for a new trial is hereby denied.

It is so ordered.