The **CHESAPEAKE AND OHIO RAIL-
WAY COMPANY,** Defendant and Third-
Party Plaintiff-Appellant,

v.

**L. A. BARNABY** and **Howard Parker,**
Third-Party Defendants-Appellees.

No. 18535.

United States Court of Appeals
Sixth Circuit.

July 23, 1969.

---

Paul O. Strawhecker, Grand Rapids,
Mich., for appellant, Robert A. Straub,
Detroit, Mich., on the brief.

Edward D. Wells, Grand Rapids,
Mich., for appellees, Cholette, Perkins &
Buchanan, Grand Rapids, Mich., on the
brief.

Before PHILLIPS, EDWARDS and
PECK, Circuit Judges.

EDWARDS, Circuit Judge.

This is a third-party action by plain-
tiff-appellant railroad against defend-
ants, who were the driver and the owner
of a mail truck which had struck and in-
jured an employee of the railroad. The
employee, Joseph Sleeman, had sued the
railroad under the Federal Employers'
Liability Act, 45 U.S.C. §§ 51–60 (1964),
and recovered a judgment. Sleeman v.
Chesapeake & Ohio R. R., 290 F.Supp.
817 (W.D.Mich.1968), *aff'd in part, rev'd
in part,* 414 F.2d 305 (6th Cir. 1969).
The court in that case held that negli-
gent design in lighting of the rail-
road's parking lot, where the acci-
dent occurred, played some part in caus-
ing this accident. The railroad in this
action sought contribution against the
third-party defendants, contending that
they are joint tortfeasors. The jury re-
turned a verdict in favor of defendants,
finding no cause for action. The jury
also answered special questions pro-
pounded to it by the District Judge. It

answered "Yes" to a question as to whether the defendant truck driver had been negligent—but answered "No" to the question as to whether such negligence had been a proximate cause of Sleeman's injuries.

On this appeal appellant C & O's primary issue, as we see the matter, is whether the jury's answer holding the driver's negligence not to be a proximate cause of the accident was against the great weight of evidence.

The facts are set out in detail both in Sleeman v. Chesapeake & Ohio R.R., 414 F.2d 305 (6th Cir. 1969), and in the District Judge's opinions in these two cases, Sleeman v. Chesapeake & Ohio R. R., 290 F.Supp. 817 (W.D.Mich.1968); Sleeman v. Chesapeake & Ohio R. R., 290 F.Supp. 830 (W.D.Mich.1968).

■ There was evidence from which the jury could have concluded that Sleeman was guilty of contributory negligence and that the C & O parking lot was negligently designed and lighted— or both. Sleeman testified that he had seen the truck coming and had continued walking rapidly across the driveway in the driving rain without looking again, after concluding that the truck would pass behind him. This evidence alone would justify a jury verdict of no cause for action against defendants, since contributory negligence of the plaintiff is a valid defense under Michigan law. *See, e. g.*, Rouse v. Michigan United Ry., 158 Mich. 109, 122 N.W. 532 (1909); Worthington Corp v. Lease Management, Inc., 352 F.2d 24 (6th Cir. 1965), cert. denied, 383 U.S. 937, 86 S.Ct. 1068, 15 L.Ed.2d 854 (1966).

■ Appellant's complaint, however, is not based on the ultimate verdict. It is addressed to the claimed conflict between the special question findings that 1) defendant truck driver was negligent, and that 2) such negligence was not a proximate cause of Sleeman's injuries.

Among other things, the District Judge instructed the jury that it had the right to determine from the total evidence in the case whether or not there was negligence in the condition or speed of defendants' truck at the date and time and under the total circumstances of this case. The jury could have concluded that there was some neglect on defendants' part in relation to one or more of these factors. But when Sleeman, dressed in \dark clothing, admittedly walked rapidly into the path of the vehicle, with his face turned away in the driving rain, and without ever looking up again, the jury could have concluded that the negligence found was not a proximate cause of Sleeman's injuries.

■ Under Michigan law proximate negligence is a jury question unless the great weight of evidence compels a contrary conclusion with which "reasonable minds could not differ." McKinney v. Yelavich, 352 Mich. 687, 692, 90 N.W.2d 883 (1958); Serratoni v. Chesapeake & Ohio R. R., 333 F.2d 621 (6th Cir. 1964), *cert. denied*, 379 U.S. 960, 85 S. Ct. 648, 13 L.Ed.2d 555 (1965).

We cannot conclude that reasonable minds could not have ·arrived at the jury's answers to the special questions.

Further, in this appeal from a jury verdict in a federal diversity case, federal review standards govern:

■ "Where there is a view of the case that makes the jury's answers to special interrogatories consistent, they must be resolved that way. For a search for one possible view of the case which will make the jury's finding inconsistent results in a collision with the Seventh Amendment. Arnold v. Panhandle & S. F. R. Co., 353 U.S. 360, 77 S.Ct. 840, 1 L.Ed.2d 889. *Cf.* Dick v. New York Life Ins. Co., 359 U.S. 437, 446, 79 S.Ct. 921, 3 L.Ed.2d 935. Atlantic & Gulf Stevedores, Inc. v. Ellerman Lines, Ltd., 369 U.S. 355, 364, 82 S.Ct. 780, 786, 7 L.Ed.2d 798 (1962).

As to other appellate issues, we find no reversible error. Specifically, we find no abuse of judicial discretion in the judge's orders denying a belated mo-

tion for a jury trial in the Sleeman case and in granting separate trial of the third-party action.

The judgment of the District Court is affirmed.