**Carol A. SIWEK, Plaintiff,**

v.

**Victor N. FARLEY, Individually and as Chairman of the Erie County Republican Committee, County of Erie, and Edward J. Rutkowski, Individually and as County Executive of the County of Erie, Defendants.**

**No. CIV–87–70E.**

United States District Court, W.D. New York.

March 21, 1988.

Carol Heckman, Buffalo, N.Y., for plaintiff.

Joseph Sedita, James Magavern, Judith Avent, Co. Atty., Erie County, Buffalo, N.Y., for defendants.

## MEMORANDUM AND ORDER

ELFVIN, District Judge.

The plaintiff filed this action pursuant to 42 U.S.C. § 1983, with two pendent state law claims, alleging that she had been fired from her position as Director of Community Sentencing Services for the County of Erie due to her having campaigned to be the candidate of the Republican Party for the position of Mayor of the City of Buffalo and that such termination violated her rights under the First and Fourteen Amendments. After three weeks of trial, a jury returned a verdict against the plaintiff and in favor of the defendants on all causes of action. Judgment was entered August 31, 1987. The plaintiff, on September 10th, filed a motion for a new trial pursuant to Fed.R.Civ.P. rule 59. She advances three grounds for her motion: (1) that this Court failed to instruct the jury properly on the shifting of the burden of proof applicable to actions under 42 U.S.C. § 1983; (2) that this Court failed to provide the jury with a

special verdict sheet; and (3) that the jury selection was fundamentally flawed in that (a) this Court failed to ask potential jurors on *voir dire* about their or their families' political activities and (b) one of the jurors failed to disclose his employment with the Lackawanna Board of Education. The plaintiff claims that these errors deprived her of her rights to an unbiased jury and a fair trial.

As far as concerns this Court's charge, the claim is that it was erroneous in that the jury was told that the plaintiff had the burden of showing that she would not have been fired by the defendants "but for" her political activity.

The United States Supreme Court has held that, in actions brought pursuant to section 1983, a plaintiff initially has the burden of showing that such protected conduct—*e.g.*, political activity—was a "substantial" or "motivating" factor in the decision to terminate her and that, once the plaintiff has made this initial showing, the defendant must then show by a preponderance of the evidence that the same decision would have been made even in the absence of such conduct. *Givhan v. Western Line Consol. School Dist.*, 439 U.S. 410, 416, 99 S.Ct. 693, 697, 58 L.Ed.2d 619 (1979); *Mt. Healthy City Board of Ed. v. Doyle*, 429 U.S. 274, 287, 97 S.Ct. 568, 576, 50 L.Ed.2d 471 (1977).

■ A trial court necessarily has a great deal of discretion in ruling on a motion for a new trial and its ruling on such a motion is generally not reviewable unless the court has failed to exercise or has abused its discretion.[1] *See generally*, 6A J. Moore, J. Lucas, & G. Grotheer, Moore's Federal Practice ¶ 59.08[1], pp. 59–80 (2d ed. 1987). The trial judge has wide discretion in selecting his own words and in instructing the jury in his own manner, provided only that the substance of the law is stated correctly. *Bass v. International Broth. of Boilermakers*, 630 F.2d 1058, 1061 (5th Cir.1981). A court's instructions must be read as a whole and a new trial is

required only if the instructions, so read, gave a misleading or inadequate understanding of the law. *Id.* at 1062.

■ This Court's instructions to the jury correctly apprised the jury of the law applicable to this action and its failure to state specifically that there was a "shifting burden" was not erroneous. The charge on the respective burdens placed on the parties in this action was as follows:

> "The plaintiff in this case, * * *, has the burden of proving by a fair preponderance of the evidence the elements of her claims * * *. The Defendants have the burden of putting before you evidence of a non-retaliatory reason for the termination of Siwek's employment, but the burden of proving that her dismissal was for retaliation, namely would not have occured but for retaliation, remains with her." (Tr. 12–104.)

According to the law as set forth in *Givhan v. Western Line Consol. School Dist.* and *Mt. Healthy City Board of Ed. v. Doyle*, both *supra*, the plaintiff has the burden of showing that her political conduct was a motivating factor in the defendants' decision. Once she has shown this, the defendants must show that the decision would have been the same irrespective of her political conduct. This is exactly what was explained to the jury when it was stated, as quoted above, that the defendants have to show a non-retaliatory reason for their decision, but that the burden of showing retaliation was always the plaintiff's. The charge correctly communicated the law as enunciated by the United States Supreme Court. Not only did the charge correctly delineate the defendants' burden once but it was repeated. This Court told the jury:

> "Therefore, if you find the Defendants have shown by a preponderance of the evidence that she would have been discharged from her job as Director of Community Sentencing Services even if she had not engaged in that political activity,

1. Of course, it is not up to the trial court to determine what is reviewable and the standard

therefor.

then you—then you must find for the Defendants." (Tr. 12–133.)

This Court's charge was not erroneous and the first ground asserted for a new trial is without merit.[2]

■ The second ground asserted in support of the plaintiff's motion for a new trial is that this Court erred in refusing to submit a proposed verdict sheet to the jury— particularly once it had asked for a clarification of the charge—because the jurors were confused as to what they had to decide. The plaintiff claims that, once the jurors' confusion became evident, a verdict sheet would have assisted the jury in its deliberations and that, by refusing to submit such to them, this Court erred. Of course, no one can be sure whether a verdict sheet would have lessened the jury's confusion, if any, but to claim subsequently that it would have and that the Court's refusal to submit it to the jury was error, is much too speculative to warrant the granting of a new trial. The proposed verdict sheet was nothing more than a simple question how the jury had found as to each defendant with respect to the claims against him or it. The plaintiff offers no support for her contention that a trial court's failure to submit a proposed verdict sheet to a jury is error mandating a new trial. Although no case law for the plaintiff's specific contention has been found, this Court finds that the law regarding the taking from a jury of special verdicts and of general verdicts with interrogatories is applicable. Pursuant to Fed.R.Civ.P. rule 49, a trial court has discretion in this area. *Turchio v. D/S A/S Den Norske Africa,* 509 F.2d 101, 104 (2d Cir.1974); *Sleeman v. Chesapeake & Ohio Railway Company,* 290 F.Supp. 830, 832 (W.D.Mich.), *aff'd sub nom. Chesapeake & Ohio Railway Company v. Barnaby,* 414 F.2d 309 (6th Cir. 1968). Furthermore, a new trial need be awarded only if the error is prejudicial. *See generally,* 6A Moore's Federal Prac-

tice, *supra,* at ¶ 59.05[5], pp. 59–53. This Court was well aware that the jury appeared confused during its deliberations but to say now that the submission of the verdict sheet would have ameliorated such is purely speculative and unsupported. In fact, at the end of the jury's deliberation, it appeared that the jurors were quite clear on what they had to find, as evidenced by the foreman's remarks to this Court that it did not need to have its announcement prefaced by questions on how they found with respect to each defendant and each claim. It was not error to refuse to submit the proposed verdict sheet to the jury.

■ The plaintiff's third contention is that the jury selection process was fundamentally flawed and that she as a result was denied her right to an impartial jury and a fair trial. She claims that, in light of information discovered after the trial about one juror's family and employment, it is now evident that the alleged inadequacies of the voir dire and the juror's alleged misconduct deprived her of her right to a fair trial. A litigant's right to a trial by an impartial jury in both civil and criminal cases is inherent in both the Seventh Amendment's "right to trial by jury" and the Fifth Amendment's guarantee that "no person shall be denied of life, liberty or property without due process of law." *See McCoy v. Goldston,* 652 F.2d 654 (6th Cir. 1981); *Olson v. Bradrick,* 645 F.Supp. 645, 653 (D.Conn.1986). A cornerstone of this right to a fair trial is an unbiased and impartial jury. *McDonough Power Equipment, Inc. v. Greenwood,* 464 U.S. 548, 554, 104 S.Ct. 845, 849, 78 L.Ed.2d 663 (1984). As a general rule, however, once the case has been submitted to the trier of fact, the parties must accept the collective judgment of the jury. *Olson v. Bradrick, supra,* at 653. Furthermore, a trial court should not disregard a jury's findings and grant a new trial unless it is reasonably clear that prejudicial error exists in the

---

**2.** The plaintiff's attorney's affidavit states that the jury's confusion over the charge was evidenced by statements made by jurors after the trial. The jurors' comments, made after the verdict was announced, cannot be used to impeach their verdict and a losing party cannot

use such in order to secure a new trial. *McDonald v. Pless,* 238 U.S. 264, 35 S.Ct. 783, 59 L.Ed. 1300 (1915); *Complete Auto Transit, Inc. v. Wayne Broyles Eng. Corp.,* 351 F.2d 478 (5th Cir.1965).

record or that substantial injustice has been done. *Id.* at 654. For the reasons discussed below, this Court believes that no prejudicial error exists in the record and that the plaintiff received a fair trial by an impartial jury. It is important to discuss first the defendants' argument that the plaintiff can not now raise the argument of alleged inadequacy of voir dire because she waived it by not objecting to this Court's voir dire at the time of the jury selection process. The plaintiff submits that she did not waive such objection because she had previously submitted to the Court a list of proposed questions for voir dire and, further, because the information with respect to the one juror was not known to her at the time of voir dire. In *United States v. Diez*, 736 F.2d 840, 844 (2d Cir.1984), and in *United States v. DeFiore*, 720 F.2d 757, 764–765 (2d Cir.1983), *cert. denied*, 466 U.S. 906, 104 S.Ct. 3511, 82 L.Ed.2d 820 (1984), it was held that a failure to object to the nature and extent of the voir dire before the submission of evidence constitutes a waiver of such objections. Such considerations are particularly apropos of the instant situation. The "struck jury" system was employed. Therein, the names of twelve veniremen were called in sequence and they were seated in the jury box. This Court, having reviewed any submitted written requests for particular questions or areas of questioning, then conducted the voir dire. The twelve were asked as a group whether any of them knew of or had heard about the particular matter in hand, whether any was acquainted with any of the parties or any of his or her immediate family or any of the attorneys. Any affirmative response was explored with the responder. Thereafter each of the veniremen was individually questioned as to employment, spouse's employment, prior service as a juror, prior involvement in any civil litigation and as to other matters pertinent to the case. If reason was thereby uncovered to suggest that the person might not decide the factual issues evenhandedly and objectively on the bases of the evidence which was to be received and of the law which was to be forthcoming, he or she was excused for cause and another

venireman took his or her seat. When this Court was satisfied that there was neither bias nor prejudice nor any other factor which might interfere with the person's proper performance of a juror's work, this Court turned to the plaintiff's attorney and asked whether there was a challenge of any juror for cause. If there was none, the defense attorney was asked the same question. Any asserted challenge for cause was ruled upon. It has been the experience of this Court that counsel will at this point, at a sidebar conference or otherwise, ask that certain unasked questions be put to the group or to any venireman. Because this case was a civil proceeding and because no party requested or otherwise arranged that the voir dire be recorded, it was not. Nevertheless there is no question in the instant circumstances that the plaintiff did not say to this Court that any requested question had not been asked and did not indicate that such should be, either before the plaintiff was compelled to voice any challenge for cause or before she was compelled to exercise her peremptory challenges. Such constitutes a waiver by the plaintiff of her right to have the further question asked and of her right to complain that it had not been. Considerable discretion rests with a trial court as to the manner and scope of voir dire. *Aldridge v. United States*, 283 U.S. 308, 310, 51 S.Ct. 470, 471, 75 L.Ed. 1054 (1931); *Stephan v. Marlin Firearms Company*, 353 F.2d 819 (2d Cir.1965), *cert. denied*, 384 U.S. 959, 86 S.Ct. 1584, 16 L.Ed.2d 672 (1966). The trial court, when trying to preserve the right to an impartial jury, should conduct an examination of prospective jurors so that the parties have a basis for an intelligent exercise of their rights to challenge a juror. *Fietzer v. Ford Motor Co.*, 622 F.2d 281, 286 (7th Cir.1980). A trial court's discretion shall be exercised consistent with "the essential demands of fairness," *Aldridge v. United States, supra,* at 310, 51 S.Ct. at 471; where the suggestion of bias is too remote the court need not inquire into it. *See, United States v. Barnes*, 604 F.2d 121, 138 (2d Cir.1979), *cert. denied*, 446 U.S. 907, 100 S.Ct. 1833, 64 L.Ed.2d 260 (1980). The procedures that safeguard jury impar-

tiality, such as voir dire and limiting or protective instruction, are not infallible and "it is virtually impossible to shield jurors from every contact or influence that might theoretically affect their vote." *Smith v. Phillips*, 455 U.S. 209, 217, 102 S.Ct. 940, 946, 71 L.Ed.2d 78 (1982). This Court is of the opinion that it properly exercised its discretion over the manner and scope of voir dire. If any attorney had been dissatisfied with this Court's questioning such should have been voiced and could have been, even as late as just prior to the jurors being sworn.

 The plaintiff's final contention is that both the juror and the counsel for one defendant should have disclosed that such counsel's prior law firm had, fifteen years earlier, represented the juror's father on an unrelated criminal charge. Such contention can not form the basis of granting a new trial. While the attorney has admitted that he was aware of his previous law firm's representation fifteen years earlier of a person with the same surname as the juror's, his present statement is that he was unaware at the time of jury selection that this earlier client was related to the juror. Affidavit, Joseph V. Sedita, Esq., ¶ 4. Without any showing that Sedita and the juror were, at the time of voir dire, familiar with each other, this Court can not hold that this resulted in such prejudice to the plaintiff as requires a new trial. Before a court can grant a party's motion for a new trial, the moving party must demonstrate that some prejudicial error has occurred. *See Olson v. Bradrick, supra* at 653. Furthermore, a mere allegation of some remote connection between a juror and a party will not be sufficient to disturb a jury verdict and to justify a new trial, without some showing of significant facts from which prejudice can be shown. *Kissell v. Westinghouse Electric Corp., Elevator Div.*, 367 F.2d 375, 376 (1st Cir.1966).

In sum, the plaintiff was not deprived of a fair trial based on either the court's instructions or its refusal to submit a verdict sheet to the jury. Further, the plaintiff's right to an impartial jury was more than adequately ensured by this Court's voir dire. It is important in all cases to heed a statement of the United States Supreme Court that "[a] litigant is entitled to a fair trial but not a perfect one, for there are no perfect trials." *McDonough Power Equipment, Inc. v. Greenwood, supra*, 464 U.S. at 553, 104 S.Ct. at 848. Information discovered after the trial can not be used to show that a party may not have received a perfect trial. This plaintiff certainly received a fair trial in which substantial justice was served.

Accordingly, the plaintiff's motion for a new trial is hereby ORDERED denied.